THE STATE OF OHIO, APPELLEE, *v.* RAMEY, APPELLANT.

(No. CA-2531 — Decided April 29, 1988.)

*John W. Allen,* prosecuting attorney, for appellee.
*Philip Alan B. Mayer,* for appellant.

WISE, J. This is an appeal from the September 22, 1987 entry of the Court of Common Pleas of Richland County, sentencing defendant-appellant, Randy Ramey ("appellant"), to five to fifteen years in the Ohio State Penitentiary for felonious assault, and suspending the sentence on condition of three years' probation and six months in the Richland County Jail with work release. The court had previously accepted appellant's change of plea and denied appellant's motion for treatment in lieu of conviction.

Appellant's assignments of error are directed to the trial court's denial of appellant's motion for treatment in lieu of conviction.

First Assignment of Error
"The trial court erred as a matter of law having determined that only drug-related offenses are eligible for treatment in leiu [*sic*] of conviction pursuant [to] Ohio Revised Code § 2951.041."

Second Assignment of Error
"The trial court erred as a matter of law having determined that alcohol is not a drug for purposes of eligibility for treatment in leiu [*sic*] of conviction pursuant [to] Ohio Revised Code § 2951.041."

I

The trial court entered a *nunc pro tunc* entry on February 24, 1988, correcting the November 30, 1987 entry by deleting the misstated legal conclusion that only drug-related offenses are eligible for treatment in lieu of conviction. The first assignment of error has been rendered moot by this entry.

II

Appellant urges that the statutory scheme of leniency provided by R.C. 2951.041 should be no less available to a person dependent on the *legal* drug alcohol than to a person dependent on illegal drugs. Regardless of the relative merit of this position, we find that the scope of the statutorily created alternative to conviction must be strictly limited if limitations are provided by statute.

R.C. 2951.041 limits eligibility for treatment in lieu of conviction to "drug dependent persons" or persons "in danger of becoming a drug dependent person." These terms are defined in R.C. 3719.011 and the definition of

each turns on the term "drug of abuse." R.C. 3719.011(A) states:

" 'Drug of abuse' means any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section 2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.02 of the Revised Code."

None of the cited definitions includes alcohol, and the definition for "harmful intoxicant," (R.C. 2925.01 [J]) specifically excludes beer or intoxicating liquor. The intent of the legislature, as clearly expressed by these definitions, is that alcohol is not to be considered a "drug" for purposes of R.C. 2951.041.

Whether the application of this statute is to be modified to include dependency on alcohol remains a question for the legislature. The second assignment of error is therefore overruled.

The judgment of the Court of Common Pleas of Richland County is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and TURPIN, J., concur.