The STATE of Ohio, Appellant,

v.

RADICH, Appellee.

[Cite as *State v. Radich* (1992), 84 Ohio App.3d 429.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4665.

Decided Dec. 21, 1992.

*Michael A. Scala,* Assistant Law Director, Warren City Law Department, for appellant.

*Martin F. White,* for appellee.

JOSEPH E. MAHONEY, Judge.

Appellant, state of Ohio, appeals the trial court's dismissal of the driving under the influence charge against appellee.

On January 20, 1991, appellee, Nicholas G. Radich, Jr., was charged with driving under the influence, in violation of R.C. 4511.19(A)(1); reckless operation, in violation of R.C. 4511.20; and failure to use a seat belt, in violation of R.C. 4513.263. Appellant is appealing only the dismissal of the DUI charge.

On January 22, 1991, appellee pled guilty as charged and moved for treatment in lieu of confinement pursuant to R.C. 2935.33, 2935.36, 2951.04 and 2951.041. The trial court sustained the motion and took the matter under advisement. The court placed appellee on probation and diversion for one year until January 22, 1992. One of the conditions of probation was that appellee be diverted by the probation officer to an in-patient facility for a period of not less than five nor more than thirty-five days. The trial court did not make an express finding that appellee was drug dependent. Appellee paid $250 as costs of the diversion program. On January 22, 1992, appellee's diversion program was completed and the trial court dismissed the case.

Appellant has filed a timely appeal, raising one assignment of error:

"The trial court erred in dismissing [the] DUI complaint after the defendant pleaded guilty but then completed a 'diversion' program run by the court."

Appellant's sole assignment of error is well taken. Appellant may appeal the dismissal of the case under R.C. 2945.67, which provides in relevant part:

"(A) A prosecuting attorney * * * may appeal as a matter [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * *."

■ Although appellant has failed to provide a transcript as required by App.R. 9 and *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384, and there is no evidence that appellant objected to the trial court's placing appellee in treatment in lieu of confinement, *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, nevertheless, it is clear from the trial court's judgment entry that the court erred in placing appellee in a diversion program and then dismissing the charges against him. This is an error in sentencing which rises to the level of plain error. Crim.R. 52(B). See *State v. Carter* (1985), 23 Ohio App.3d 27, 28, 491 N.E.2d 709, 711.

Appellee was charged with DUI in violation of R.C. 4511.19(A)(1). It is evident from the language of the statutes that they do not permit the dismissal of the charge against appellee.

R.C. 2935.33(B) permits a judge to sentence an alcoholic, or someone convicted of violating R.C. 4511.19, for alcoholic treatment in lieu of imprisonment. The statute further states that a person convicted of R.C. 4511.19 shall be confined to the treatment facility for at least three days. Clearly, this section was not applied, since appellee was never convicted and his case was dismissed.

R.C. 2935.36, which provides for pretrial diversion programs for certain offenders, does not apply to appellee. These pretrial diversion programs do not apply to persons accused of a violation of R.C. 4511.19. See R.C. 2935.36(A)(5).

R.C. 2951.04 provides for conditional probation of a drug-dependent person and applies when the offender has been convicted. Again, appellee has not been convicted in the case *sub judice*.

■ Finally, R.C. 2951.041, which provides for treatment in lieu of conviction for drug-related offenses, does not apply to alcohol or alcoholism, since alcohol is not considered a "drug" for purposes of R.C. 2951.041. Thus, it does not apply to a charge of driving under the influence of alcohol, a violation of R.C. 4511.19(A). See *State v. Ramey* (1988), 39 Ohio App.3d 169, 530 N.E.2d 971; *State v. Siler* (1977), 6 O.O.3d 368; *State v. Troutman* (July 25, 1990), Medina App. No. 1883,

unreported, 1990 WL 106156; *State v. Sprouse* (Apr. 20, 1989), Cuyahoga App. No. 55074, unreported, 1989 WL 43442.

Based on the foregoing statutes, it is clear that appellee was not entitled to treatment in lieu of conviction and, thus, the dismissal of his case was plainly erroneous.

Appellee argues that upon remand for sentencing, he should be credited for his participation in the court-sponsored program. This is a matter within the discretion of the trial court.

Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CHRISTLEY, P.J., concurs.

NADER, J., concurs separately.

NADER, Judge.

While concurring in the majority opinion, I feel that the trial court's innovative efforts to cure rather than punish are commendable but not provided for by law under the facts of this case. Authorization for such programs must be enacted by legislation adjusting the rigid mandates of existing statutes.