The STATE of Ohio, Appellee,

v.

PENA, Appellant.

[Cite as *State v. Pena* (1994), 93 Ohio App.3d 367.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–153.

Decided March 4, 1994.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Dean P. Mandross,* Assistant Prosecuting Attorney, for appellee.

*Brian J. Hoch,* for appellant.

MELVIN L. RESNICK, Judge.

This case is on appeal from the April 26, 1993 judgment of the Lucas County Court of Common Pleas which sentenced appellant, Ernesto Pena, Jr., to a term of not less than four nor more than fifteen years' *actual* incarceration, following a conviction for violation of R.C. 2903.11(A)(1), felonious assault, an aggravated felony of the second degree. Pursuant to Sixth Dist.Loc.App.R. 12(D), this cause is hereby placed upon the court's accelerated calendar.

Appellant has raised the following assignments of error:

"1. Appellant's conviction and subsequent sentence should be reversed due to the ineffective assistance of trial counsel.

"2. The Appellant's conviction and sentenc[e] should be reversed due to the trial court's failure to comply with Ohio Revised Code § 2951.03(B)(5)(a) and (b)."

 Initially, appellant argues that his counsel was ineffective in that there was no request made of the court for treatment in lieu of conviction. Appellant urges that inasmuch as the presentence investigation report indicated he had an alcohol problem, counsel had a duty to request treatment in lieu of conviction. We find the contention of appellant is misplaced. R.C. 2951.041 does not apply to persons with alcohol problems. *State v. Radich* (1992), 84 Ohio App.3d 429, 431, 616 N.E.2d 1189, 1190; *State v. Ramey* (1988), 39 Ohio App.3d 169, 530 N.E.2d 971. Appellant's first assignment of error is therefore overruled.

In appellant's second assignment of error, it is suggested that the court below did not follow the dictates of R.C. 2951.03(B)(5)(a) and (b). Said sections read as follows:

"(5) If the comments of the defendant or his counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

"(a) Make a finding as to the allegation;

"(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."

At sentencing, the following discourse occurred concerning the probation report:

"There is one objection I have, your honor. In the content of the Report, it indicates that Mr. Pena said that he did not have an alcohol problem and does not desire treatment. I find that to be contradictory to the statement under health status of the first page where he did admit that he had a problem with alcohol.

"The Court:

"All right, other than that:

"Mrs. Jennings other than that, I find no other objections in that report.

"The Court:

"Okay. Do you have any evidence, information or statements you wish to make in mitigation?"

Appellee contends that such statements are not inaccuracies. Instead, appellee claims they are only contradictory statements made by the appellant himself. Moreover, appellee urges that appellant framed this assignment as one involving lack of effective assistance of counsel.

We agree with appellee. Although the alleged statements of appellant may be conflicting, there is nothing in the record to demonstrate an inaccuracy of such statements. Moreover, any such claimed error would, in any event, be waived as not having been raised in the trial court so as to permit the trial judge to correct the alleged error. Alternatively, any error would nevertheless be harmless. Appellant was sentenced to a term of actual incarceration and thus would not be eligible for treatment in lieu of conviction. See R.C. 2951.041(B)(3) and 2951.-02(F)(5). Therefore such alleged error resulted in no prejudice to appellant. Appellant's second assignment of error is overruled.

On consideration whereof, this court finds that appellant was not prejudiced, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., and GLASSER, J., concur.