OPINION
Plaintiff-appellant, the State of Ohio [State], appeals the judgment of the Court of Common Pleas of Seneca County, Ohio, which ordered Defendant-appellee, Robert M. Fisher [Fisher], to treatment in lieu of conviction pursuant to R.C.2951.041, subsequent to a plea of no contest.
On July 24, 1996, the Seneca County Grand Jury issued an indictment against Fisher for grand theft, a felony of the third degree, in violation of R.C. 2913.02(A)(2). Fisher was accused of embezzling over $5,000 from the Seneca County Humane Society. A not guilty plea was entered on July 26, 1996.
The court then permitted Fisher to file motions in which he requested the withdrawal of his not guilty plea and treatment in lieu of conviction. At this time, Fisher argued that an alcoholic was a drug dependent person within the purview of R.C. 2951.041. He stated that he had completed an initial alcohol abuse assessment with the Cleveland Veterans Affairs Medical Center, and was scheduled for a further assessment on an inpatient basis at the Brecksville Veterans Affairs Medical Center Facility on November 18, 1996. At this assessment, physical, psychological and alcohol use histories would be addressed, although no drug dependency evaluations were scheduled.
On December 18, 1996, a hearing was held on Fisher's motions. At the conclusion of the hearing, the trial court allowed Fisher to withdraw his not guilty plea. The court also ordered completion of assessments for drug and alcohol dependency at the Veterans Affairs Medical Center and, pursuant to the State's request, at the District Five Forensic Diagnostic Center. All further proceedings on the grand theft matter were stayed pending Fisher's completion of the two assessments, and the court's consideration of the treatment in lieu of conviction motion.
The next hearing on Fisher's request for treatment in lieu of conviction occurred on March 11, 1997. At this hearing, Fisher testified on his behalf and three other persons were State witnesses. The trial court also considered medical records from the Veterans Affairs Medical Center and Forensic Diagnostic Center facilities, which tended to support the presence of a drug dependency condition. The State objected to the admission of the documents from these facilities on the grounds that they were unauthenticated, inadmissible hearsay.
In the subsequent judgment entry entered on July 2, 1997, the trial court determined that the materials to which the State had objected were admissible. Further, the court found that Fisher was eligible for treatment in lieu of conviction and stayed all criminal proceedings pending his entering of a plea of guilty or no contest. The court stated that at that point, Fisher would be ordered to a period of rehabilitation. The matter was set for an additional hearing on July 14, 1997.
A final judgment entry on this matter was made on August 27, 1997. This entry captured the July 14, 1997 hearing and Fisher's plea of no contest. The court then ordered Fisher to a three year period of rehabilitation under the supervision of the Adult Parole Authority of the State pursuant to the treatment in lieu of convictions procedures. The court stayed all criminal proceedings in this matter, and further mandated that Fisher continue rehabilitation at the Firelands Counseling and Recovery Agency, report to the Ohio Adult Parole Authority, undergo random urinalysis, and pay restitution.
Thereafter, the State filed a notice of appeal. Fisher responded by requesting a motion to dismiss, alleging that the trial court's August 27, 1997, judgment entry was not a final, appealable order. In a journal entry dated September 5, 1997, this Court denied Fisher's motion to dismiss on the grounds that, pursuant to R.C. 2505.02, the trial court's order was made in a special proceeding and affected a substantial right of the State.
In continued support of its appeal, the State presents the following three arguments:
 I. The lower court committed error to the prejudice of the State of Ohio when it ordered as a matter of law that alcohol is a drug for purposes of "drug dependency" pursuant to R.C. Section 2951.041, treatment in lieu of conviction.
 II. The lower court abused its discretion and committed error to the prejudice of the State of Ohio when it considered unauthenticated hearsay documents in finding Appellee eligible for treatment in lieu of conviction, failed to consider Appellee's own statements which did not show alcohol or any drug abuse was a factor in committing the felony crime of grand theft and treatment would substantially reduce the likelihood of future crime, failed to consider that at the time of hearing, Appellee had not been accepted into an appropriate drug treatment program, and prejudiced the treatment issue when it ordered that Appellee "will" receive treatment in lieu of conviction before the July 14, 1997 hearing ordering treatment.
 III. The lower court's order granting Appellee's motion for treatment in lieu of conviction is a final appealable order because it affects society's substantial right to effectively enforce its criminal laws and curtails the State's ability to prosecute felony violations of law.
In regard to the third assignment of error, the State conceded at oral argument that this issue had been previously resolved by this Court in its September 5, 1997 journal entry. Accordingly, we decline to address this assigned error pursuant to App.R. 12(A).
As surmised from the written and oral arguments, the State's main concern in this matter is that the trial court erred in its determination that Fisher was eligible for treatment in lieu of conviction. The first and second assignments of error essentially present alternative arguments for this premise. Consequently, these assignments of error will be addressed together.
The granting of a request for treatment in lieu of conviction rests within the discretion of the trial court. State v. Gadd
(1990), 66 Ohio App.3d 278, 280. An abuse of discretion occurs when the trial court acts in an "unreasonable, arbitrary or unconscionable" manner. State v. Adams (1980), 62 Ohio St.2d 151,157. Accordingly, a trial court's decision will not be reversed on appeal without a showing of such abuse. Gadd, supra,
at 283. This is particularly true in view of the fact that decisions regarding the weight and credibility of the evidence are best left to the fact finder. State v. Palmer (1997), 80 Ohio St.3d 543,567.
Fisher was determined to be eligible for treatment in lieu of conviction pursuant to R.C. 2951.041, which states:
 (A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.
 (B) An offender who requests treatment in lieu of conviction under division (A) of this section is eligible for that treatment if the court finds that:
 (1) The offender's drug dependence or danger of drug dependence was a factor leading to the criminal activity with which the offender is charged, and rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity.
 (2) The offender has been accepted into a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by the department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the veterans administration or other agency of the federal government, private care or treatment rendered by a physician or a psychologist licensed in the state, or other appropriate drug treatment facility or program.
 (3) * * * If the offender is convicted of a felony, the offender would be eligible for a community control sanction.
 (4) The offender is not a repeat offender or dangerous offender, as defined in section 2935.36 of the Revised Code;
 (5) The offender is not charged with a violation of * * * a minor drug possession offense, as defined in section 2925.01 of the Revised Code.
 Upon a finding of that nature and if the offender enters a plea of guilty or no contest, the court may stay all criminal proceedings and order the offender to a period of rehabilitation. If a plea of not guilty is entered, a trial shall precede further consideration of the offender's request for treatment in lieu of conviction.
In the July 2, 1997 journal entry, prior to the court's order for Fisher to undergo rehabilitation according to R.C. 2951.041, the trial court stated:
 This Court agrees with the case of State vs. Lowe, 497 N.E. Rptr 2d, 982, [sic] that there can be no doubt that alcohol is an addictive drug and that the alcoholic is dependent on that drug. * * * The report from the Forensic Diagnostic Center indicates that the defendant, if alcohol is not considered a drug for this type of evaluation, is in danger of being drug dependent and if alcohol is considered a drug for purposes of this evaluation, is a drug dependent person. The Court agrees with this evaluation[.]
Upon a review of the records in this matter, we find that the trial court's determination of Fisher's eligibility for treatment in lieu of conviction was in error. Initially, although the trial court's statement about the nature of alcohol as a drug may be accurate, we disagree that alcohol use constitutes "drug dependency" for the purposes of R.C. 2951.041. We base this conclusion on the provisions of R.C. 3719.011(B) and (C), which state, a:
 (B) "Drug dependent person" means any person who, by reason of the use of any drug of abuse, is physically, psychologically, or physically and psychologically dependent upon the use of such drug, to the detriment of his health or welfare.
 (C) "Person in danger of becoming a drug dependent person" means any person who, by reason of his habitual or incontinent use of any drug of abuse, is in imminent danger of becoming a drug dependent person.
A drug of abuse is defined in R.C. 3719.011(A) as:
 any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section 2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.02
of the Revised Code
A review of R.C. 3719.01, 2925.01 and 4729.02 demonstrates that alcohol is not considered a drug of abuse. In fact, the definition of "harmful intoxicant" specifically excludes beer or intoxicating liquor. R.C. 2925.01(I).
That alcohol is not to be considered in R.C. 2951.041
determinations is a conclusion reached by other courts as well. See State v. Pena (1994), 93 Ohio App.3d 367; State v. Radich
(1992), 84 Ohio App.3d 429; State v. Ramey (1988), 39 Ohio App.3d 169;State v. Siler (1977), 6 Ohio Op.3d 368. Accordingly, to the extent, if any, that the trial court specifically held that alcoholism is drug dependency or a condition which makes a person in danger of becoming drug dependent, error exists.
The trial court also relied upon a supplemental record which detailed the results of Fisher's assessment. However, we find that this document does not support the trial court's ultimate conclusion of eligibility for treatment in lieu of conviction. Likewise, the additional document from the Veterans Affairs Medical Center and Fisher's testimony fail to provide the requisite support.
The Forensic Diagnostic Center report showed that Fisher was assessed on January 15, 1997. In the section in which Fisher's substance abuse history was addressed, the evaluator noted that Fisher stated his involvement with alcohol and marijuana began while he was in the Air Force and that he said he had no major problems with either substance. Fisher also indicated that although he has continued to drink alcohol through the years after his discharge, his use of marijuana was minimal. Fisher even restated that although his alcohol use increased in the late 1980s, any use of marijuana was minimal. Finally, the evaluator noted Fisher's comments that he believed he was "psychologically dependent" on alcohol and that he used it as "self-medication." Fisher told the evaluator that since his release from the inpatient program at the Veterans Affairs Medical Center, he had attended some Alcohol Anonymous meetings. In other words, the majority of this assessment addressed Fisher's alcohol abuse.
Notwithstanding the focus of the assessment, the Forensic Diagnostic Center evaluator's final opinion was:
 It is my understanding that alcohol is not considered a drug for this type of evaluation. If this is the case, then it is my opinion that Mr. Fisher is in danger being drug dependent. If alcohol is considered a drug for the purposes of this evaluation, then it is my opinion that Mr. Fisher is drug dependent. In either case, his danger of drug dependence or his drug dependence was a factor leading to the criminal activity for which he is charged.
Weekly counseling sessions were recommended, in which Fisher apparently participated at the Firelands Mental Health and Recovery Services in Tiffin, Ohio.
The report issued by the Veterans Affairs Medical Center was also scant in its attention to Fisher's claimed, or potential, drug dependency. This evaluation indicated that he was admitted to the facility on November 22, 1996, and was discharged on December 13, 1996. While there, Fisher was diagnosed with marijuana, alcohol and nicotine dependency. However, the only treatments rendered were Valium for the alcohol dependency and a Nicotine patch for the nicotine diagnosis. After-care counseling and participation in a Twelve-Step oriented support group was advised. Any further concerns related to the marijuana use were not identified.
Additionally, Fisher's testimony at the March 11, 1997 hearing did not support the premise that he was either drug dependent or in danger of becoming drug dependent. Fisher testified that at the time of the evaluations, he felt that he didn't have any major problem with either drugs or alcohol and that he was not psychologically dependent upon drugs. Rather, Fisher believed that he was primarily in need of grief counseling. Moreover, he had indicated that the conduct which led to the grand theft charge was not a product of drug usage and that when he took the money, he was not under the influence of any drugs or alcohol. Finally, Fisher stated that the money taken from the Humane Society was not used to purchase drugs. Instead, it was used to pay for alcohol and living expenses.
Thus, upon a review of the record, the trial court's conclusion that Fisher was eligible for treatment in lieu of conviction was in error and the first and second assignments of error are sustained to this extent. The plea of no contest is vacated and this matter is remanded to the trial court for further proceedings on the grand theft charge against Fisher. The third assignment of error is moot. Accordingly, the judgment of the Court of Common Pleas of Seneca County, Ohio, is reversed and remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and remanded for proceedingsconsistent with this opinion.
EVANS and HADLEY, JJ., concur.