**The STATE of Ohio, Appellee,**

**v.**

**BAKER, Appellant.**

[Cite as *State v. Baker* (1998), 131 Ohio App.3d 507.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 190.

Decided Dec. 14, 1998.

508

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*James L. Messenger* and *Jerry M. Bryan,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a judgment rendered by the Mahoning County Court No. 5, Canfield, Mahoning County, Ohio, accepting the no contest plea offered by defendant-appellant, Scott A. Baker, to one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(3), along with his subsequent sentencing thereon.

On May 26, 1996, appellant was arrested and charged with driving under the influence, in violation of R.C. 4511.19(A)(1), his third offense; failing to maintain assured clear distance, in violation of R.C. 4511.21(A); and driving without a seat belt, in violation of R.C. 4513.263(D). Baker was taken to the State Highway Patrol barracks in Canfield, Ohio and voluntarily submitted to a urine test. The specimen submitted contained the drugs marijuana, Oxazepam, and Temazepam (both prescription Valium), and was found to contain alcohol in a quantity of .372 grams by weight per one hundred milliliters plus or minus five percent.

Following the results of the urine test, plaintiff-appellee, the state of Ohio, amended the charge filed under R.C. 4511.19(A)(1) to a violation of R.C. 4511.19(A)(3) and dismissed the charge under R.C. 4511.19(A)(1). Appellant initially pled not guilty to the charges against him. Appellant later requested to withdraw his pleas of not guilty. The prosecuting attorney made no objection, and the trial court granted appellant's request.

Appellant then made a motion for treatment in lieu of conviction pursuant to R.C. 2951.041. The trial court and the prosecuting attorney both agreed that appellant met the requirements for consideration for treatment in lieu of conviction, but believed that the statute was not applicable to the facts of this case. The trial court and the prosecuting attorney surmised that this issue was a matter for this court to decide. For the purpose of having this court decide this issue, the trial court dismissed the seat-belt and assured-clear-distance charges. For purposes of effecting this appeal, appellant entered a no contest plea to the driving under the influence charge.

Appellant was found guilty of driving under the influence in violation of R.C. 4511.19(A)(3) and sentenced to thirty days' incarceration, a $500 fine, and a one-year suspension of his driver's license. Appellant's sentence was stayed pending an appeal to this court.

Appellant's sole assignment of error on appeal alleges:

"The trial court erred in refusing to accept appellant's request for treatment in lieu of conviction under R.C. 2951.041 solely because appellant was found to have alcohol in his system, in addition to a drug of abuse, when appellant was otherwise eligible for treatment in lieu of conviction."

Appellant argues that the fact that he had alcohol in his system at the time of the commission of the offense charged, in addition to drugs of abuse, should not render him ineligible for treatment in lieu of conviction. Appellant argues that he met all of the eligibility requirements for treatment in lieu of conviction, to which appellee stipulated. Therefore, the trial court was required to grant him treatment in lieu of conviction. Appellant contends that the trial court refused to do so based solely on the fact that he had alcohol in his system, thereby substantially prejudicing him and creating reversible error.

Appellant argues that nowhere in the statute does it indicate that alcohol abuse disqualifies an offender for treatment in lieu of conviction. Appellant contends that this should not be read into the statute. Appellant argues that the statute provides a list of factors that may make an individual ineligible for treatment in lieu of conviction, and that nowhere on this list does the presence of alcohol appear. Appellant concludes by stating that to disqualify every individual who happens to use or abuse alcohol would render the treatment in lieu of conviction statute superfluous.

Appellee replies by stating that treatment in lieu of conviction does not apply to alcohol abuse, and therefore it should not apply to a driving-under-the-influence charge. Appellee argues that it was the intent of the legislature for alcohol not to be included as a drug of abuse for purposes of treatment in lieu of conviction. Appellee contends that the scope of the statute must be strictly

limited, and that any changes to include alcohol should be made by the legislature.

Appellee concludes that there was no abuse of discretion on the part of the trial court in not granting appellant's request for treatment in lieu of conviction, because appellant was found to have an impermissible level of alcohol in his system.

Appellant was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(3), which states the following:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

" * * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his *breath.*" (Emphasis added.)

It appears that because the amended charge was the result of a urine test, the appellant should have been charged under R.C. 4511.19(A)(4), which deals with alcohol and drug concentrations in *urine.* This error has no bearing on our analysis, because the appellant failed to object to the amended charge before the trial court.

The trial court and appellee both stipulated that but for the fact that appellant had alcohol in his system, he would have been eligible for treatment in lieu of conviction under R.C. 2951.04.1.

This is a case of first impression in this district. With regards to alcohol itself, the case law is very clear: the districts that have ruled on this issue have held that alcohol is not a drug of abuse as defined by the Ohio Revised Code. *State v. Radich* (1992), 84 Ohio App.3d 429, 616 N.E.2d 1189; *State v. Ramey* (1988), 39 Ohio App.3d 169, 530 N.E.2d 971. According to these cases an individual who abuses alcohol is not eligible for treatment in lieu of conviction under R.C. 2951.04.1. *Radich, supra; Ramey, supra.*

In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime. R.C. 2951.041 does not exclude alcohol-related offenses from its applicability. This court will not do so either. Alcohol and drug abuse often go hand-in-hand. In fact, alcohol abuse is often a precursor to a more serious drug problem. The legislature made a decision that under certain circumstances treatment is more appropriate than punishment. Why should the presence of alcohol, which is *arguably* a drug of abuse itself, nullify the opportunity for the individual to

receive treatment? If the presence of alcohol were to nullify an individual's opportunity to receive treatment, then R.C. 2951.041 would arguably become a nullity. A hypothetical using the rationale proposed by appellee provides some insight on this matter.

An individual is arrested and charged with driving under the influence of alcohol and/or drugs of abuse in violation of R.C. 4511.19(A). A urine test reveals that the individual had large amounts of cocaine in his or her system and a small amount of alcohol. Under appellee's rationale, this individual would not be eligible for treatment in lieu of conviction under R.C. 2951.041. Arguably, this individual is who the statute was designed to help.

Appellee's rationale could be extended into all areas where R.C. 2951.041 is applicable, rendering the treatment provided for by R.C. 2951.041 a virtual nullity. If the legislature intended this, then it would not have bothered to enact the statute.

This case asks the narrow question: Does the trial court have the discretion to grant appellant treatment in lieu of conviction for a driving under the influence charge, when alcohol and *drugs* are found in appellant's system, as a matter of law? This court answers this question in the affirmative. This is not to say that appellant should have been granted treatment in lieu of conviction under the facts of this case. The trial court must first apply the factors outlined in R.C. 2951.041(B) to determine if appellant is eligible for treatment in lieu of conviction. If appellant is determined to be eligible, then the trial court has the discretion to grant appellant treatment in lieu of conviction. *State v. Gadd* (1990), 66 Ohio App.3d 278, 584 N.E.2d 1. The trial court, in this case, made a finding of fact that appellant was eligible for treatment in lieu of conviction. The trial court must now decide, in its discretion, whether to grant appellant treatment in lieu of conviction.

Appellant's sole assignment of error is found to be with merit.

The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO, P.J., and WAITE, J., concurs.