OPINION
Trent W. Devoe appeals the decision of the Montgomery County Court of Common Pleas denying his motion for treatment in lieu of conviction.
Between September 1, 1999 and February 27, 2000, Devoe resided in Kettering with his wife, Sue Humphreys, their son, and the minor who is the victim in this case. Sometime in September of 1999, Devoe installed a smoke detector in the minor's bedroom, directly above her bed. On February 27, 2000, Humphreys discovered a locked cabinet in their basement. She forced open the cabinet and discovered a VCR and several videotapes. The tape at issue depicted the minor masturbating in her bedroom. Humphreys further discovered wires leading from the VCR to the attic and into the smoke detector above the minor's bed, where a small camera was located.
On October 10, 2000, Devoe was charged with pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(5). He filed a motion for treatment in lieu of conviction. The trial court held a hearing on the matter. After hearing the evidence, the trial court denied Devoe's motion. Devoe pled guilty and was sentenced to community control sanctions for five years. Devoe now appeals the trial court's decision overruling his motion for treatment in lieu of conviction, asserting one assignment of error.
First assignment of error: the trial court below erred when it denied Mr. Devoe's motion for treatment in lieu of conviction the {sic} denial of the motion was an abuse of discretion by the court.
Devoe argues that the trial court abused its discretion when it denied his motion for treatment in lieu of conviction because he is a drug dependent person, his drug dependency was a factor leading to the criminal activity, and rehabilitation through treatment would substantially reduce the likelihood of future criminal activity.
Treatment in lieu of conviction is a procedure governed by R.C. 2951.041. "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf (2000), 140 Ohio App.3d 75, 77, citing State v.Baker (1998), 131 Ohio App.3d 507, 510.
The granting of a motion for treatment in lieu of conviction lies in the trial court's sound discretion. State v. Gadd (1990),66 Ohio App.3d 278. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
At the time of the offense herein, R.C. 2951.041(A) provided that if a trial court had reason to believe that a defendant was drug-dependent or was in danger of becoming a drug-dependent person, the court "shall" accept the defendant's request for treatment in lieu of conviction and "shall" hold a hearing.
R.C. 2951.041(B) established the conditions for eligibility. At issue are R.C. 2951.041(B)(1)(a) and (b), which stated as follows:
 "(B)(1) An offender who requests treatment in lieu of conviction under division (A) of this section is eligible for that treatment if the court finds that:
 "(a) The offender's drug dependence or danger of drug dependence was a factor leading to the criminal activity with which the offender is charged, and rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity.
 "(b) The offender has been accepted into a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by the department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the veterans administration or other agency of the federal government, private care or treatment rendered by a physician or a psychologist licensed in the state, or other appropriate drug treatment facility or program."
Furthermore, if the trial court finds that the offender is eligible under the statute to receive treatment in lieu of conviction, and "if the offender enters a plea of guilty or no contest, the court may stay all criminal proceedings and order the offender to a period of rehabilitation." R.C. 2951.041(B)(2).
In this case, the trial court found that Devoe was drug dependent at the time he committed the offense.[1] The trial court acknowledged that Devoe had been accepted into Miami Valley Hospital's Turning Point Program, thus fulfilling the second condition under R.C. 2951.041(B)(1)(b). The trial court's focus in denying his motion for treatment in lieu of conviction was that even though Devoe was drug dependent, he had failed to establish by a preponderance of the evidence that his drug dependence was a factor leading to his criminal activity. Additionally, the trial court noted that Devoe failed to establish by a preponderance of the evidence that rehabilitation through drug treatment would substantially reduce the likelihood of additional criminal activity.
The trial court stated that "[t]he method Defendant used to spy on [the minor] was purposely, carefully, and precisely calculated by him. These acts were carried out by Defendant in order to satisfy his sexual urges and needs and were independent of his drug addiction. There are two crimes in these facts, drug addiction and pandering obscenity, and there is no connection between the two, in spite of Defendant's (and his experts') testimony strongly urging that there is. Further, this Court has failed to be convinced by a preponderance of the evidence that rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity. In other words, curing the drug addiction will not substantially reduce the chance of another sex offense." (Doc. No. 13, p. 5.)
Devoe asserts that the evidence at the treatment in lieu of conviction hearing proved that his drug dependency was a factor that led to his criminal behavior, and thus it was an abuse of discretion for the trial court to deny his motion for treatment in lieu of conviction. Devoe relies heavily on the testimony of his experts, Dr. Burch and Dr. Peterson.
After thoroughly reviewing the record, we do not find that the trial court abused its discretion in finding that Devoe had failed to make a connection between his drug dependency and the criminal activity. Despite Devoe's experts' testimony that the drug dependency was a factor leading to the criminal activity, Dr. Burch's and Dr. Peterson's testimony failed to prove the existence of a nexus between the two activities. While it is true that Devoe was abusing marijuana and was dependent on the drug, his "surveillance" was not a momentary lapse in judgment, but a six-month deviation from normal behavior, which had led to self-sexual titillation. The surveillance was designed, installed and conducted with deliberation and deception, and Devoe had not disclosed his actions to others during this time.
We recognize that Dr. Burch and Dr. Peterson stated on direct examination that Devoe had had a drug dependency and that he had needed treatment. They stated that Devoe's drug dependency had been a significant factor leading to his criminal activity. However, on cross-examination, both experts admitted that the marijuana usage had not "compel[led]" Devoe to commit the criminal act in this instance. In fact, neither expert could make a more direct connection between the drug dependency and the criminal activity other than stating that drug usage lowers a person's inhibitions.
Additionally, Michael Hurt of the Montgomery County Adult Probation Department testified that he and Jill Johnson, also from Adult Probation, had made a joint recommendation that Devoe's request for treatment in lieu of conviction be denied. They believed that Devoe was dependent upon marijuana, but they did not believe that the drug dependency was related to the criminal activity. They based this on Devoe's ability to deceptively install and maintain an elaborate surveillance system, all the while not having the drug dependency interfere with the rest of his life. Simply, Devoe had not experienced the usual problems that seem to plague chemically-dependent persons.
Also during that six month period, there is no evidence that Devoe encountered difficulties in any other areas of his life. His "impulsive behavior" and his "impaired judgment" did not extend beyond this surveillance. To the contrary, he was able to perform complex tasks as a paramedic and function normally in his day-to-day activities, with the exception of the surveillance he was performing on the minor. The only connection between the drug usage and the criminal activity was that they occurred during the same time period.
Based upon the above facts, we do not find that the trial court abused its discretion in finding that Devoe failed to establish a connection between the drug dependency and the criminal activity. Accordingly, we agree that the trial court did not abuse its discretion in its determination that rehabilitation of Devoe's drug dependency would not substantially reduce the likelihood of future criminal activity.
We overrule Devoe's assignment of error.
The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.
[1] For this reason, we will disregard Devoe's contention that the trial court erred in determining that Devoe was not a drug dependent person.