OPINION
{¶ 1} Defendant-appellant, Mesa Flanagan, appeals the denial of her motion for intervention in lieu of conviction for two counts of illegal processing of drug documents in the Butler County Court of Common Pleas and the assessment of fines and attorney fees. We affirm the decision of the trial court.
 {¶ 2} On October 17, 2001, appellant obtained OxyContin with a forged prescription in Montgomery County. On October 23, 2001, appellant attempted to obtain OxyContin with a forged prescription in Butler County. Appellant had filled another forged OxyContin prescription a week prior at the same Butler County store. The police were called and appellant was arrested. Another forged prescription was found in appellant's purse.
 {¶ 3} Appellant was charged in Butler County and Montgomery County with illegal possession and processing of drug documents. She pleaded guilty to the Montgomery County charge of illegal possession of a drug document on December 18, 2001. The Montgomery County Court granted appellant's motion for intervention in lieu of conviction on January 31, 2002.
 {¶ 4} Appellant moved for intervention in lieu of conviction for her Butler County charges on January 9, 2002. The hearing for the Butler County intervention in lieu of conviction took place on January 31, 2002. The trial court determined after a hearing that appellant had previously pleaded guilty to a felony in Montgomery County on December 18, 2001, therefore, she was ineligible for intervention in lieu of conviction under the R.C. 2951.041. Appellant appeals the decision raising three assignments of error.
Assignment of Error No. 1
 {¶ 5} "The trial court erred and abused its discretion in denying defendant-appellant's motion for treatment in lieu of conviction."
 {¶ 6} Appellant argues that the trial court abused its discretion when it denied her motion for intervention in lieu of conviction because her offenses in different counties were a result of a course of criminal conduct. Furthermore, appellant argues that another court determined that she was an appropriate candidate for intervention.
 {¶ 7} Intervention in lieu of conviction is a procedure governed by R.C. 2951.041. In enacting R.C. 2951.041, "the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf (2000),140 Ohio App.3d 75, 77, citing State v. Baker (1998), 131 Ohio App.3d 507,510.
 {¶ 8} The granting of a motion for intervention in lieu of conviction lies in the trial court's sound discretion. State v. Gadd
(1990), 66 Ohio App.3d 278, 283. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Lattimore (Sept. 17, 2001), Butler App. No. CA2000-12-255, at 3, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} R.C. 2951.041(A)(1) provides that if a trial court had reason to believe that a defendant was drug-dependent or was in danger of becoming a drug-dependent person, the court "may" accept the defendant's request for treatment in lieu of conviction. R.C. 2951.041(B) establishes the conditions for eligibility. At issue is R.C. 2951.041(B)(1), which states as follows:
 {¶ 10} "(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 {¶ 11} "(1) The offender previously has not been convicted of or pleaded guilty to a felony * * *."
 {¶ 12} In this case, the trial court found that appellant previously pleaded guilty to a felony. Appellant pleaded guilty to the charge of illegal possession of a drug document in Montgomery County on December 18, 2001. Although appellant argues all of her offenses were committed during the same course of conduct, there were separate charges in different counties, separate guilty pleas, and separate convictions. As a result, the trial court did not abuse its discretion in denying appellant's motion for treatment in lieu of conviction under R.C. 2951.041. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 13} "The trial court erred to the prejudice of defendant-appellant by imposing consecutive terms of imprisonment which sentence was contrary to law."
 {¶ 14} Appellant argues that the record does not support the imposition of imprisonment in excess of the minimum for a first time felony offender. R.C. 2929.14(B) provides that "if a court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 15} The trial court stated that after considering the factors under R.C. 2929.12, "the Court finds that a community control sanction is inconsistent with the purpose and principals of sentencing in R.C. 2929.11, the defendant poses the greatest likelihood of recidivism and the shortest prison term will not adequately protect the public from future crime by the defendant." Therefore, the trial court properly sentenced appellant under R.C. 2929.14(B) to a greater than minimum term.
 {¶ 16} Appellant also argues that the record does not support the imposition of consecutive terms of imprisonment and the trial court failed to give sufficient reasons for consecutive sentences. When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E)(4). In making this determination, the "trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing[,]" as well as specify the basis of its findings when necessary. State v. Bonanno, Allen App. Nos. 1-98-59, 1-98-60, at *2,1999-Ohio-815. "When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C.2929.19(B)." State v. Rouse, Auglaize App. No. 2-99-13, at *3,1999-Ohio-876.
 {¶ 17} R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under R.C. 2929.14, its reasons for imposing the consecutive sentences." In addition, R.C. 2929.14(E)(4) states, in pertinent part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 18} In the present case, the trial court determined "that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public and that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." These findings comply with both prongs of R.C. 2929.14(E)(4). See State v. Kehoe (1999),133 Ohio App.3d 591, 614-615.
 {¶ 19} However, R.C. 2929.19(B)(2)(c) also requires that the trial court state on the record its reasons for imposing consecutive sentences. The trial court stated several reasons for imposing consecutive sentences. The court found that appellant was rejected from the "MonDay Program" and the court suspected that appellant "through her desire not to go into residential treatment, sabotaged the interview." The court also noted that appellant "has failed to respond to treatment in the past, she has demonstrated a pattern of drug and alcohol abuse related offenses and refuses to effectively participate in treatment, all making recidivism extremely likely. When the defendant was out on bond awaiting consideration for drug court, she * * * tested dirty and * * * the court had to revoke her bond; * * * without prison this defendant will recidivate * * *."
 {¶ 20} The record supports the imposition of consecutive sentences in the instant case. The trial court adequately explained its reasons at the hearing and made the necessary statutory findings in the judgment entry. The court stated the factual underpinnings supporting the imposition of consecutive sentences. The commission of multiple offenses and high recidivism factors based upon appellant's history of prior criminal convictions all show the trial court's decision was not contrary to law and is supported by clear and convincing evidence. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 21} "The trial court erred to the prejudice of defendant-appellant in imposing fines and attorney fees in its sentence."
 {¶ 22} Appellant argues that where the trial court "fails to consider a defendant's present or future ability to pay fines and court appointed counsel costs, it is error to impose said fines and costs."
 {¶ 23} The trial court ordered appellant to "pay all costs of prosecution, counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." This court has previously held that R.C. 2947.23
does not require a trial court to consider a defendant's ability to pay the costs of prosecution. See State v. Rivera Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. Costs of prosecution are not considered punishment. See Symons v. Eichelberger (1924), 110 Ohio St. 224, 238. In fact, R.C. 2947.23 mandates that the judge "shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Thus, the trial court did not err by ordering appellant to pay the costs of prosecution without considering his ability to pay.
 {¶ 24} Appellant was also ordered to pay her counsel fees. Appellant argues that, "at no time in the present case did the trial court engage in a determination of whether Defendant-Appellant was financially able to pay the * * * court appointed attorney costs."
 {¶ 25} R.C. 2941.51 governs the payment of appointed counsel, which appellant received. R.C. 2941.51(D) provides, in relevant part: "The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county in an amount that the person reasonably can be expected to pay." Thus, an indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. See State v. Cooper, Butler App. No. CA2001-03-063, 2002-Ohio-617, at ¶ 71.
 {¶ 26} In this case, the PSI report indicates that appellant stated she is currently employed at Frisch's Restaurant as a waitress earning $2.50 per hour plus tips. Appellant also stated that she has obtained her GED. Appellant listed her past employers as Rally's, Dayton Daily News, Granger Plastics, and Home Health Care. The trial court stated that it considered the information contained in the PSI report. Accordingly, the record reveals that the trial court considered whether appellant has or reasonably may be expected to have the means to pay all or part of the costs of the legal services rendered to her. We find the requirements of R.C. 2941.51(D) have been satisfied. See State v.Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062, at ¶ 40.
 {¶ 27} Appellant was fined $5,000, $4,000 of which was suspended on each count, and ordered to pay "any fees permitted pursuant to R.C.2929.18(A)(4)." Appellant argues "at no time in the present case did the trial court engage in a determination of whether Defendant-Appellant was financially able to pay the fines." Pursuant to R.C. 2919.19(B)(6): "[b]efore imposing a financial sanction under section 2929.18 * * * or a fine under section 2929.25 * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 28} The trial court stated that it considered the PSI. The trial court therefore considered appellant's ability to pay the fines. Furthermore, appellant made no objection regarding her ability to pay the fines. See State v. Trembly (2000), 137 Ohio App.3d 134, 145. Consequently, the third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.