[Cite as *State v. Wood*, 2021-Ohio-3759.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                                      :
                                                   :
    Plaintiff-Appellee                         :    Appellate Case No. 2021-CA-23
                                                   :
v.                                                 :    Trial Court Case Nos. 2020-CR-661
                                                   :
STACEY WOOD                                        :    (Criminal Appeal from
                                                   :    Common Pleas Court)
    Defendant-Appellant                        :
                                                   :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CARL J. BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, #603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Stacey Wood, appeals from her conviction in the Clark County Court of Common Pleas after pleading guilty to aggravated possession of drugs. In support of her appeal, Wood claims that her sentence should be vacated because the trial court abused its discretion by permitting the State to address alleged factual inaccuracies in the presentence investigation ("PSI") report at the sentencing hearing and by denying her an opportunity to rebut the State's comments. For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

**{¶ 2}** On November 30, 2020, a Clark County grand jury returned an indictment charging Wood with one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree; and one count of possession of a fentanyl related compound in violation of R.C. 2925.11(A), a felony of the fifth degree. The charges arose after officers searched Wood's purse during a traffic stop and found drug paraphernalia, 3.69 grams of methamphetamine, and 0.31 grams of fentanyl.

**{¶ 3}** Following her indictment, Wood pled guilty to one count of aggravated possession of drugs. In exchange for Wood's guilty plea, the State agreed to dismiss the charge for possession of a fentanyl related compound. The trial court accepted Wood's guilty plea, ordered a PSI report, and scheduled the matter for sentencing.

**{¶ 4}** At sentencing, the trial court afforded Wood and Wood's counsel an opportunity to make a statement before imposing a sentence. In doing so, Wood's counsel commented on Wood's newfound motivation to address her longstanding substance abuse problem and advocated for Wood to be sentenced to local incarceration

and inpatient substance abuse treatment as opposed to prison. When Wood spoke at the sentencing hearing, she admitted to having a history of substance abuse and told the trial court that she would do whatever it took to complete a treatment program. The trial court also heard from Wood's sister, who expressed her belief that inpatient substance abuse treatment would be in Wood's best interest.

{¶ 5} Following these comments, the trial court permitted the State to speak on the matter. The State advised the trial court that it had read the PSI report and noticed that the version of events that Wood reported to the PSI examiner did not match the events set forth in the police report. Specifically, the State said the following:

> [Wood's] version of the events does not match up with the officer's report exactly. Her version of the offense says that the officers grabbed her purse out of the trunk and started searching it, which isn't what happened. * * * The officer asked [Wood] if they could search her purse. She gave them consent to do that. They did not just start pulling a purse out of a trunk. It was sitting on the front passenger seat where she had been sitting.
>
> You know, when they opened up the purse and they found a couple of baggies that had pills, powder, a crystal-like substance, a pipe used for smoking methamphetamine, syringes, [Wood] just said these things weren't hers. But it's more than just like a small bag of drugs. It's almost 4 grams of meth in the one bag and then two other bags of drugs, another plastic container of drugs and implements for using drugs.
>
> So it's clear that [Wood] has a problem and while, I think, she is

saying here today that she wants to address it, I don't know if she really took responsibility for things. In the PSI, two weeks ago or a couple of weeks ago after her plea, when she had the opportunity to really explain everything that happened, her explanation was that it wasn't hers, which I think we probably all know isn't true.

Inpatient treatment probably would be a good option for [Wood], but I would ask that if the Court does do that, that if [Wood] were to violate by not completing treatment or committing any new offenses, that at that point the Court sentence her to 36 months, if the Court is going to go that route.

Sentencing Trans. (Apr. 6, 2021), p. 6-7.

{¶ 6} Wood did not object to the State's comments or attempt to make a statement in response. Following the State's comments, and hearing no objection from Wood, the trial court went over Wood's criminal history and noted that Wood had multiple convictions for breaking and entering, disorderly conduct, theft, unauthorized use of a motor vehicle, possession of cocaine, possession of drug paraphernalia, loitering, and assault. The trial court also noted that Wood had previously served time in prison. The trial court additionally noted that the amount of methamphetamine Wood was carrying at the time of the offense in question was greater than the bulk amount. The trial court further considered that the State had dismissed the charge for possession of a fentanyl related compound. Following these considerations, the trial court sentenced Wood to 30 months in prison.

{¶ 7} Wood now appeals from her conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 8} Under her sole assignment of error, Wood contends that the trial court abused its discretion because the trial court allowed the State to address alleged factual inaccuracies in the PSI report at the sentencing hearing and denied Wood an opportunity to rebut the State's comments.   According to Wood, this warrants the vacation of her 30-month prison sentence.   We disagree.

{¶ 9} Although couched in other terms, Wood's argument sounds in due process. Under due process principles, a " 'defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he [or she] may have no right to object to a particular result of the sentencing process.' "   *State v. Arnett*, 88 Ohio St.3d 208, 217-218, 724 N.E.2d 793 (2000), quoting *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).   Therefore, "even a sentence within the limits of a state's sentencing laws may violate due process if the sentencing proceedings are fundamentally unfair."   *Id.,* citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) and *Gardner* at 358.

{¶ 10} In this case, the due process violation in question is based on R.C. 2951.03(B)(2), which gives a defendant the right to comment on his or her PSI report prior to sentencing and affords the defendant an opportunity to dispute any alleged inaccuracies in the PSI report.   Specifically, R.C. 2951.03(B)(2) provides the following:

> Prior to sentencing, the court shall permit the defendant and the
> defendant's counsel to comment on the presentence investigation report
> and, in its discretion, may permit the defendant and the defendant's counsel

to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

{¶ 11} The foregoing statutory language indicates that R.C. 2951.03(B)(2) only pertains to the defendant and the defendant's counsel, as the statute does not indicate whether and to what extent the State may comment on the PSI report at the sentencing hearing. Wood argues that by omitting the State from the statute, the General Assembly intended for only the defendant and the defendant's counsel to have an opportunity to address alleged factual inaccuracies in the PSI report. Wood, therefore, asserts that, pursuant to R.C. 2951.03(B)(2), the trial court does not have discretion to permit the State to address alleged factual inaccuracies in the PSI report. Based on this assertion, Wood claims that the trial court in this case abused its discretion when it permitted the State to comment on how her version of events recorded in the PSI report did not match the version of events recorded in the police report.

{¶ 12} Upon reviewing R.C. 2951.03(B)(2), we find that there is nothing in the statute supporting Wood's claim that the State is prohibited from addressing alleged factual inaccuracies in the PSI report. The State, in fact, must be afforded an opportunity to speak at the sentencing hearing. *See* Crim.R. 32(A)(3). In *State v. Tyree*, 2d Dist. Clark No. 2020-CA-26, 2021-Ohio-2217, we explained that a trial court may consider "an array of information" when coming to a sentencing decision, and that it was not inappropriate for the State to read certain evidence into the record at the sentencing hearing in order to show that the defendant's version of events recorded in the PSI report was inaccurate. *Id.* at ¶ 4, and ¶ 6-9.

{¶ 13} Similar to *Tyree*, the State in this case used information from the police

report to show that Wood's version of events recorded in the PSI report was inaccurate. In doing so, the State was simply attempting to show that Wood was being untruthful about what happened, which tended to refute her claim that she wanted to take responsibility for her actions.   As in *Tyree*, we do not find that the State's comments were inappropriate, as "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.).

**{¶ 14}** Furthermore, although Wood's version of events conflicted with the police report (which was included in the PSI report), the record did not establish that the PSI examiner inaccurately recorded Wood's version of events when preparing the PSI report for the trial court's review.   Therefore, when the State pointed out the differences between Wood's version of events and the version of events in the police report, the State was not actually addressing a factual inaccuracy in the PSI report itself, but was simply attempting to demonstrate that Wood was being untruthful when she reported her version of events to the PSI examiner.   *See State v. Pena*, 93 Ohio App.3d 367, 369, 638 N.E.2d 626 (6th Dist.) (finding that conflicting statements in a PSI report were not inaccuracies since there was nothing in the record to demonstrate that the statements were inaccurate).   For all the foregoing reasons, Wood's claim that the trial court abused its discretion by allowing the State to comment on factual inaccuracies in the PSI report at sentencing lacks merit.

**{¶ 15}** Wood's claim that the trial court denied Wood an opportunity to rebut the State's comments about the PSI report also lacks merit, as there is nothing in the record to support that claim.   Pursuant to Crim.R. 32(A)(1) and (2), the trial court was simply

required to afford Wood and her counsel an opportunity to speak in mitigation of punishment at the sentencing hearing. The record establishes that the trial court complied with that obligation. The record also establishes that after Wood and her counsel made their statements at the sentencing hearing, they chose not to respond to the State's subsequent comments about the PSI report; they remained silent and did not object or ask to respond. If Wood had a problem with the State's comments, she could have objected to them. Because Wood failed to object to the State's comments about the PSI report, any arguments related to that matter are therefore waived on appeal. *See State v. Richardson*, 2d Dist. Montgomery No. 23879, 2013-Ohio-1374, ¶ 17.

{¶ 16} For the foregoing reasons, Wood's sole assignment of error is overruled.

**Conclusion**

{¶ 17} Having overruled Wood's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Ian A. Richardson
Carl J. Bryan
Hon. Douglas M. Rastatter