THE STATE OF OHIO, APPELLEE, *v.*
OSBURN, APPELLANT.

(No. 1208—Decided May 18, 1983.)

*Mr. Gregory Happ,* prosecuting attorney, for appellee.

*Mr. William B. Young,* for appellant.

GEORGE, J.  The defendant, James B. Osburn, appeals from the judgment of guilt, entered by the court of common pleas upon a jury trial, for the crime of murder.

The defendant was indicted for the crime of aggravated murder after he shot and killed his former wife. The victim died as the result of a rifle shot, between the eyes, from a relatively close range. The bullet exited through the back of the victim's head causing large entrance and exit wounds.

The trial court charged the jury on the crimes of aggravated murder, murder, voluntary manslaughter and negligent homicide. After deliberation, the jury returned its verdict of guilty to the crime of murder. The defendant was sentenced to fifteen years to life in prison.

Assignment of Error I

"The trial court committed reversible error in its instructions to the jury by unconstitutionally precluding the jury's consideration of lesser included offenses and by improperly placing the burden of proving mitigating circumstances on the defendant."

In its instruction to the jury, the court, after defining the offense of murder, charged as follows:

"* * * If you find that the State has proved beyond a reasonable doubt all the essential elements of the lesser offense of murder, your verdict must be guilty of murder, *and in that event you will not consider any further lesser offense. * * *"* (Emphasis added.)

This instruction does not comport with Ohio law as it directed the jury to disregard the lesser offense of voluntary manslaughter until after it had decided the lack of guilt on the charge of murder. Thus, the jury was precluded from considering the mitigating circumstances of acting under extreme emotional stress while considering the offenses of aggravated murder and murder. See, generally, *State v. Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148].

However, in order for this court to reverse the judgment of the trial court, prejudice must be demonstrated. It has been held that where the defendant elicits no evidence of extreme emotional stress, he is not entitled to a jury instruction on voluntary manslaughter. *State v. Durkin* (1981), 66 Ohio St. 2d 158 [20 O.O.3d 168]; and *State v. Pierce* (1980), 64 Ohio St. 2d 281 [18 O.O.3d 466]. Here the defendant consistently defended on the theory that the shooting was accidental.

In order for the jury to consider the lesser offense of voluntary manslaughter, the record must disclose some evidence of the defendant's extreme emotional stress. Here the record fails to disclose such evidence. Since evidence of extreme emotional stress was lacking, the trial court was not required to instruct the jury on the offense of voluntary manslaughter. Therefore, although an erroneous jury instruction was given on voluntary manslaughter, such an instruction was not prejudicial under the facts of this case. Therefore, the first assignment of error is overruled.

### Assignment of Error II

"Appellant was denied his constitutional right to effective assistance of counsel as a result of trial counsel's failure to investigate and assert psychiatric defenses and trial counsel's failure to preserve errors on the record."

Under this assignment of error, the defendant argues that his trial counsel failed to investigate the possible defense of insanity. Counsel for the defendant mentioned in opening argument that the defendant was discharged from the Marines due to a mental disability. However, there was nothing in the record to demonstrate that trial counsel did not fully consider and investigate the possibility of raising the defense of insanity. Obviously, trial counsel elected to defend on the theory of accident; a theory which is strategically inconsistent with a defense of insanity. Therefore, the claimed error directed to the ineffective assistance of counsel is not supported by the record.

The defendant further argues that trial counsel failed to preserve errors for appeal. The defendant claims timely objections were not made. From the entire record, however, this court is not persuaded that the defendant was denied either a fair trial or substantial justice. *State v. Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156], paragraph four of the syllabus.

This assignment of error is overruled and the judgment of conviction is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.