THE STATE OF OHIO, APPELLEE, *v.* CARTER, APPELLANT.

(No. C-830932—Decided
January 16, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *Gerald W. Krumpelbeck,* for appellee.
*Timothy A. Smith,* for appellant.

KLUSMEIER, J. On August 10, 1983, defendant-appellant, Thomas E. Carter, was involved in an altercation with another man in the parking lot of a local restaurant. As a result, the defendant was indicted on a charge of felonious assault. At the trial before a jury in the court of common pleas, there was conflicting testimony as to who was the aggressor; the defendant asserted that he acted in self-defense when he swung his belt, striking the other man in the head with the belt buckle and causing visual impairment, facial fractures and lacerations. The defendant was found guilty as charged and was thereafter

sentenced according to law. A timely notice of appeal was filed.

Appellant presents to this court three assignments of error. In his first assignment he contends that the trial court committed error by instructing the jury that it must acquit the appellant of felonious assault before it could consider the lesser charge of aggravated assault. Appellant did not object to this instruction at trial. Further, the record reflects that he affirmatively disclaimed any objection to the instructions. If we are to validate this assignment, it must rise to the status of plain error under Crim. R. 52(B) and must result in the circumstance that, but for the error, the outcome of the trial clearly would have been otherwise. See *State* v. *Underwood* (1983), 3 Ohio St. 3d 12; *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178]. Plain error has been characterized as "obvious and prejudicial," an error which if permitted to stand, though neither objected to nor affirmatively waived, would affect in a "material and adverse" manner the character of and public confidence in judicial proceedings. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207 [24 O.O.3d 316]; *State* v. *Craft* (1977), 52 Ohio App. 2d 1 [6 O.O.3d 1].

During the instructions and immediately after the statement of the essential elements of the charged offense, felonious assault, and of the lesser offense, aggravated assault,[1] the jury was instructed as follows:

---

[1] The trial court instructed the jury that the elements of felonious assault were as follows:

1) Jurisdiction of the Court — the offense must have occurred within Hamilton County, Ohio;

2) identity of the accused — the defendant must be the person who committed the offense;

3) the defendant's conduct must have been a voluntary act;

4) the defendant acted knowingly;

5) the defendant caused or attempted to cause physical harm to Frank J. Ridener;

6) the defendant acted by means of a deadly weapon.

Immediately thereafter, the jury was given the elements of aggravated assault as follows:

1) Jurisdiction of the Court — the offense must have occurred within Hamilton County, Ohio;

2) identity of the accused — the defendant must be the person who committed the offense;

"Method of Deliberation. You will first consider the charge of Felonious Assault. If you find the defendant guilty of Felonious Assault, you will sign the appropriate verdict. If you find the defendant not guilty of Felonious Assault, you will go on to consider the lesser included offense of Aggravated Assault."

At the conclusion of the instructions, the court inquired of counsel if there were any objections to the instructions as given. The trial counsel for the appellant specifically replied in the negative. Whether or not such disclaimer amounts to an affirmative waiver of the alleged error so as to prohibit plain error recognition was neither briefed nor mentioned orally by counsel. Because we perceive this alleged error to present a matter of consequence and of first impression, we find it desirable, pursuant to App. R. 12(A), to address, at length, the first assignment of error. The target of this assignment is the third sentence of that paragraph in the instructions headed "Method of Deliberation" and quoted above. Appellant asserts that the questioned instruction, in essence, directs the jury not to consider the offense of aggravated assault. He argues that because of the identical nature of the essential elements of the two offenses, a finding of not guilty of felonious assault necessarily would constitute a finding of not guilty of aggravated assault.

In *State* v. *Muscatello* (1977), 57 Ohio App. 2d 231 [11 O.O.3d 320], af-firmed and remanded (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148], the court of appeals at 251 ruled in reference to the order of deliberation that:

"It is not necessary that the jury unanimously agree that a defendant is not guilty of aggravated murder before considering the lesser charge of murder. Nor must they unanimously agree that the defendant is not guilty of aggravated murder and murder before considering the lesser charge of voluntary manslaughter where the issue of the lesser offenses is properly raised by the evidence."

In 1978, the Supreme Court of Ohio in a review of *Muscatello* (55 Ohio St. 2d 201 [9 O.O.3d 148]), affirmed the holding of the Eighth District Court of Appeals that the extreme emotional stress described in R.C. 2903.03 (now sudden passion or sudden fit of rage) is a circumstance, the establishment of which mitigates a defendant's criminal culpability. The Supreme Court did not specifically address the issue of the order of deliberation as noted in the quotation from the appellate court opinion in *Muscatello, supra,* and which confronts this court, *i.e.,* the propriety of requiring a not guilty finding on the greater charge before permitting the jury to consider the lesser charge. We can only surmise that the matter was not presented as a proposition of law for the consideration of the Supreme Court.

The Ninth District Court of Appeals in 1983 decided the case of *State* v. *Osburn* (1983), 9 Ohio App. 3d 343. In

---

3) the defendant's conduct must have been a voluntary act;

4) the defendant must have been acting under the influence of sudden passion or in a sudden fit of rage;

5) the passion or rage must have been brought on by serious provocation occasioned by the victim;

6) the provocation must have been reasonably sufficient to incite the defendant into using deadly force. In determining this ele-ment, you must consider the emotional and mental state of this defendant and the conditions and circumstances that surrounded him at the time;

7) the defendant must have acted knowingly;

8) the defendant must have caused or attempted to cause physical harm to Frank Ridener;

9) the defendant acted by means of a deadly weapon.

that case the charge was aggravated murder and the appellate court held it to be error to instruct the jury to disregard the lesser offense of voluntary manslaughter if the jury found the defendant guilty of murder. The exact language of the portion of the instruction appears at 343, as follows:

" ' * * * If you find that the State has proved beyond a reasonable doubt all the essential elements of the lesser offense of murder, your verdict must be guilty of murder, *and in that event you will not consider any further lesser offense. * * * * ' "* (Emphasis *sic*.)

The court in *Osburn* held that such instruction does not comport with Ohio law because the jury was thereby "precluded from considering the mitigating circumstances of acting under extreme emotional stress while considering the offenses of aggravated murder and murder." *Osburn, supra,* at 343. The court cites as general authority the Supreme Court opinion in *State* v. *Muscatello, supra.* A primary holding of the Supreme Court in *Muscatello* is that it is error to establish a burden of proof of the existence of the mitigating circumstances of extreme emotional stress. As noted earlier herein, the Supreme Court did not, in *Muscatello,* establish an order of consideration of the charged offense and any lesser included offenses.

The court has, in the past, considered a similar problem in *State* v. *Anders* (July 29, 1981), Hamilton App. No. C-800636, unreported. We concluded in *Anders* that it was not error in an aggravated murder trial to instruct the jury not to consider whether the defendant was guilty of voluntary manslaughter until the jury had found the defendant not guilty of aggravated murder and murder.

None of the foregoing three cases is apposite to the problem which is presented in the instant case. The distinguishing fact in *Muscatello, supra,*

*Osburn, supra,* and *Anders, supra,* is that each of those cases arose on an indictment charging aggravated murder with murder and voluntary manslaughter as lesser included offenses. Each of those offenses has at least one distinctive essential element so that there is presented the classic paradigm of a principal offense with lesser included offenses. In the instant appeal, the case arose on an indictment charging felonious assault. It raises the question whether aggravated assault is a lesser *included* offense in the indicted offense. In the three aggravated murder cases, the lesser crimes of murder and voluntary manslaughter are clearly included within the charged offense, assuming, of course, evidence which properly raises the factual predicate for a lesser included offense. The three-prong test to determine the existence of a lesser included offense as established in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528], is not satisfied in the case on review. The essential elements of felonious assault as charged in the indictment, *viz.,* knowingly causing or attempting to cause physical harm to another by means of a deadly weapon, are exactly the same as the essential elements of the offense of aggravated assault, *viz.,* knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. The mitigating circumstance of provocation is no more an essential element of aggravated assault than it is an essential element of voluntary manslaughter. *State* v. *Muscatello, supra* (55 Ohio St. 2d 201 [9 O.O.3d 148]). No trier of fact could find against the state and in favor of the defendant on any essential element of felonious assault and still find for the state and against the defendant on the essential elements of aggravated assault. The distinction is thus apparent between the cases of *Muscatello, Osburn* and *Anders,* all *supra,* and the case on review. We conclude that aggravated

assault, although unquestionably a lesser offense than felonious assault,[2] is, nevertheless, not an included offense of felonious assault, meeting the *Wilkins* test.

In the case of *State* v. *Butler* (1974), 44 Ohio App. 2d 177 [73 O.O.2d 196], the court held aggravated assault to be a lesser included offense of felonious assault. It reached that conclusion notwithstanding a recognition that provocation was not an essential element of the crime of aggravated assault. *Butler, supra,* at 185. Because of the later pronouncements of the Supreme Court on lesser included offenses, it would seem that the authority of *State* v. *Butler,*

*supra,* should be limited to its particular facts. See *State* v. *Wilkins, supra.* But this does not fully resolve the problem because in addition to judicial promulgation of tests for the determination of the character of an offense as a lesser included offense of another, the intent of the legislature must be considered. The sections of the Revised Code prohibiting both felonious assault and aggravated assault are part of the same legislation, are *in pari materia* and should be read and construed together so as to give effect to the legislative intent.[3] Both sections should be read as a single section. They should be reconciled and harmonized if reasonably possible. We hold, as

---

[2] R.C. 2903.11(B) classifies felonious assault as an aggravated felony of the second degree unless the victim is a peace officer, in which event it is an aggravated felony of the first degree. R.C. 2903.12(B) classifies aggravated assault as a felony of the fourth degree with enhancement to the third degree if the victim is a peace officer.

[3] The history of the two Revised Code sections, R.C. 2903.11 and R.C. 2903.12, is interesting although rather difficult to trace. Each section was contained in the general revision of the Ohio Criminal Code in 1974. 134 Ohio Laws, Part II, 1902-1903 (Am. Sub. H.B. No. 511). R.C. 2903.11 remained in its 1974 form until it was amended effective July 1, 1983 in Am. Sub S.B. No. 199. That change established the classification of felonious assault as an aggravated felony and provided for a period of actual incarceration if a firearm was involved in the offense. R.C. 2903.12, aggravated assault, presents evidence of more frequent legislative action. On May 19, 1982, Am. Sub. H.B. No. 103 became effective. That enactment amended R.C. 2903.12 so as to replace the language in the section since 1974 which reads as follows: "extreme emotional stress brought on by serious provocation reasonably sufficient to incite him" with the following language: "the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the per-

son." Following the opinion of the Supreme Court in *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148], and effective January 1, 1983, Am. Sub. S.B. No. 199 further amended R.C. 2903.12(B), but it picked up the "extreme emotional" phrase in R.C. 2903.12(A), as quoted above. Am. Sub. H.B. No. 269, and Am. S.B. No. 210, also effective July 1, 1983 continued the "extreme emotional" language. Finally, Am. Sub. H.B. No. 37, effective June 22, 1984, again amended R.C. 2903.12 by deleting the "extreme emotional stress" language and restoring the "sudden passion" phraseology. The purpose of the last mentioned bill was stated, in part, to harmonize multiple prior amendments of certain sections and to correct nonsubstantive errors in the Revised Code. To that end, section one of the act amended R.C. 1.30(B) so as to include H.B. No. 37 among those enactments declared by the legislature to have the purpose described in R.C. 1.30(A), *i.e.,* to correct nonsubstantive errors and to reflect the absence of any legislative intent to make substantive changes in the law in effect on June 22, 1984, and providing that any section affected by H.B. No. 37 shall be construed as a restatement and correction of, and substituted in a continuing way for, the corresponding statutory provision existing on June 22, 1984. The extreme emotional stress phrase and the sudden passion phrase are substantial, if not complete, equivalents in definition. *State* v. *Pate* (Nov. 14, 1984), Hamilton App. No. C-830792, unreported.

did the Third District Court of Appeals in *Butler, supra,* at 184, that these sections of the Revised Code present an appropriate occasion for the application of the *in pari materia* rule. Resultantly, we conclude that aggravated assault is not a lesser included offense of felonious assault but is the same as felonious assault with a reduction in penalty upon the determination by the trier of fact of the existence of the mitigating circumstance.

The unique circumstances resulting from the provisions of R.C. 2903.11 and 2903.12 as enacted by the legislature and the interpretation by the Supreme Court of the phrase relative to provocation in R.C. 2903.03, voluntary manslaughter, which is the same phrase that has been used intermittently in R.C. 2903.12, aggravated assault, suggest the necessity of a jury instruction specifically addressing the legal issues in a case where the defendant is charged with felonious assault and some evidence has been adduced relative to the mitigating circumstance of provocation. Obviously, a finding of not guilty of felonious assault would preclude a finding of guilty of aggravated assault, given the identical essential elements of each offense. But a finding of guilty of felonious assault should not end deliberations if there is evidence in the case tending to show the existence of provocation of the defendant. That issue must be determined before the culpability of the defendant can be finally identified.

We find that the trial court did err in that portion of the instructions in which a method of deliberation is set forth. We further find that we cannot recognize that error as plain error under Crim. R. 52(B) because the evidence of an unprovoked assault was overwhelming and we are unable to conclude that but for the erroneous instruction the outcome would clearly have been otherwise. *State v. Cooperrider* (1983), 4 Ohio St. 3d 226. The first assignment of error is overruled.

The appellant asserts in the second assignment that the trial court in its instructions committed plain error by placing the burden on the state to prove beyond a reasonable doubt the mitigating factors of sudden passion or fit of rage. We decline to recognize plain error in the instructional aberration on the authority of *State v. Underwood* (1983), 3 Ohio St. 3d 12. The outcome of the trial would not clearly have been otherwise had this error not occurred. *State v. Cooperrider, supra.*

Finally, in the third assignment, appellant seeks to cumulate the effect of the two errors bearing assignment numbers one and two. Appellant does not offer any authority for this somewhat ingenious assignment of error. The complete argument in the brief is contained in two sentences the effect of which is to plead that if neither assignment of error, separately, is well-taken, then the two assignments together constitute plain error. We are not persuaded on the record in this case. The caveat is that the doctrine of plain error is to be exercised with the utmost caution under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Clayton* (1980), 62 Ohio St. 2d 45 [16 O.O.3d 35]; *State v. Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178]. On that authority, we find the third assignment of error to be not well made.

All assignments of error having been considered and ruled upon, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PALMER, P.J., and DOAN, J. concur.