OPINION
Defendant-appellant Levon Jennings appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of felonious assault in violation of R.C. 2903.11. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 7, 1997, the Richland County Grand Jury indicted appellant on one count of felonious assault in violation of R.C.2903.11, a felony of the second degree. At his arraignment on October 6, 1998, appellant entered a plea of not guilty to the charge contained in the indictment. The trial in this matter was scheduled for November 19, 1998. However, pursuant to a Judgment Entry filed on November 24, 1998, the trial was continued at appellant's request to December 17, 1998. A Judgment Entry was filed on December 15, 1998, granting appellee's Motion to Amend the Indictment pursuant to Crim.R. 7(D) to correct a clerical error. Thereafter, the trial commenced on December 17, 1998, and continued to December 18, 1998. The following evidence was adduced at trial. Appellant, at all relevant times, was married to Clementine Jennings. During part of their marriage, the two lived in Mississippi. In 1991, Clementine Jennings, who at the time was separated from appellant, moved to Mansfield, Ohio, with the couple's two daughters, Tina and Tiffany Jennings. In Mansfield, Clementine resided in her sister's home with the two girls. Clementine's sister did not permit appellant to enter into her house, although he was permitted outside of the house in the yard or on the porch. On May 23, 1997, appellant, who visited his daughters on a daily basis, was on the porch of Clementine's residence when she got home from picking up one of the couple's daughters at school. While appellant and Clementine were on the front porch, appellant asked Clementine for some money. When Clementine refused to comply, appellant got upset and started screaming at Clementine and arguing with her. After Clementine told appellant that he would have to leave if he continued carrying on, appellant asked to use her phone so that he could call someone to pick him up. When Clementine entered the house to retrieve a cordless telephone to bring outside to appellant, appellant followed her into the house. Appellant then grabbed Clementine around the neck and dragged her to the kitchen counter where he obtained a knife from a knife rack. When Tina Jennings, one of the couple's daughters, went into the house after hearing her mother scream that appellant was stabbing her, she found appellant straddling Clementine while he was stabbing her. Clementine Jennings was face down on her stomach at the time. Tiffany Jennings, the couple's other daughter, also observed appellant stabbing her mother. While appellant was stabbing her mother, Tiffany hit appellant with a kitchen chair in an unsuccessful attempt to get appellant to stop. Appellant, however, continued stabbing Clementine who "was trying to block, she was blocking with her hands." Transcript of Proceedings at 74. After appellant hit Tiffany in the face with his fist and resumed stabbing Clementine, Tiffany stabbed appellant in the middle of his back two or three times with a kitchen knife. Since appellant had cut the telephone lines, both of the couple's daughters ran upset and crying to a neighbor's house and dialed 9-1-1 for help. The two told the neighbor, Elaine Mason, that appellant had stabbed their mother over $20.00. Tina Jennings told the 9-1-1 dispatcher that her father was on drugs and that he had stabbed her mother with a knife. While both Tina and Tiffany testified that their mother did not have a knife or other weapon on her person during the attack by appellant, appellant testified that Clementine's injuries happened accidentally as he and Clementine were struggling over a knife. According to appellant, after Clementine became angry at him for putting his elbow on her sore leg, "We both reached for the knife . . . but I seen her reaching there and we both — we both our hands was on the knife." Transcript of Proceedings at 206. Appellant testified that the two then began tussling over the knife, causing Clementine to get cut. Appellant denied asking Clementine for money. As a result of the stabbing, Clementine suffered nine jagged lacerations all over her body, including a laceration to her left hand that damaged her tendons and nerves and nearly severed her thumb. Clementine was forced to undergo reconstructive surgery. Photographs were taken of Clementine's injuries. Appellant was taken to the hospital once a rescue squad arrived. On May 28, 1997, appellant was arrested for felonious assault. However, after appellant was released on bond, he fled to Mississippi. Appellant was not arrested until September 26, 1998. At the conclusion of the evidence and the end of deliberations, the jury, on December 18, 1998, found appellant guilty of felonious assault. On December 21, 1998, appellant was sentenced to seven years in prison and ordered to pay restitution to Clementine. A Sentencing Entry was filed on December 22, 1998. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
I THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN TRIAL COUNSEL FAILED TO MAKE TIMELY OBJECTIONS AND ELICITED TESTIMONY PREJUDICIAL TO THE DEFENSE.
II THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT CHARGED THE JURY INCORRECTLY AND ALLOWED INADMISSIBLE TESTIMONY.
III THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE IS SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OR FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS OF AGGRAVATED ASSAULT HAD BEEN PROVEN BEYOND PREPONDERANCE OF THE EVIDENCE.
This court shall address appellant's assignments of error out of order for the purposes of economy.
 II
In his second assignment of error, appellant maintains that the trial court committed plain error when it charged the jury incorrectly and allowed inadmissible testimony. Crim.R.52(B) provides: "(B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
Notice of plain error under this rule is to taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See: State v. Long (1978),53 Ohio St.2d 91; State v. Cooperidder (1983), 4 Ohio St.3d 226. In order to establish plain error, appellant must show that, but for the error, the outcome of the trial would have been different. State v. Robertson (1993), 90 Ohio App.3d 715. Appellant specifically contends that the trial court should have directed the jury to consider whether appellant was guilty of aggravated assault. At the conclusion of the trial in the case sub judice, the trial court gave the jury the following instruction: "If you find him [appellant] guilty of felonious assault, you're not even going to need to worry about aggravated assault. You've already found one crime — you can — only one crime you can find him guilty of. You can't find him guilty of two crimes. It can't be the same thing twice. If you find him guilty and you marked guilty up here [on the verdict form], you're not going to be able to consider the second crime." Transcript of Proceedings at 274.
The jury, therefore, was directed to cease deliberations if they found appellant guilty of felonious assault. Trial counsel did not object to the above jury instruction. "Aggravated assault (R.C.2903.12) is not a lesser included offense of felonious assault (R.C. 2903.11) but is the same offense as felonious assault with a reduction in penalty upon a determination by the trier of fact of the existence of the mitigating circumstance of sudden passion or sudden fit of rage, which mitigates a defendant's criminal culpability." State v. Carter (1985), 23 Ohio App.3d 27, paragraph one of the syllabus. For such reason, a trial court errs if it instructs a jury that they should consider the charge of felonious assault first and only consider the charge of aggravated assault if they find the defendant not guilty of felonious assault. Id. "[A] finding of guilty of felonious assault should not end deliberations if there is evidence in the case tending to show the existence of provocation of the defendant." Id. at 32. Based on Carter, supra, we find that the trial court in the case sub judice erred in instructing the jury that they should not consider the charge of aggravated assault unless they found appellant not guilty of felonious assault. However, we cannot recognize the trial court's error as plain error under Crim.R. 52(B) because there is no evidence of serious provocation as is required before an aggravated assault instruction is given. See State v. Deem (1998), 40 Ohio St.3d 205. Rather, there was overwhelming evidence of an unprovoked assault. None of appellee's witnesses testified as to provocation. Moreover, at trial, appellant did not testify that he was provoked. Rather, appellant testified that Clementine had walked into her kitchen and reached for a knife after becoming angry at appellant for touching her leg. The two, according to appellant, "both grabbed the knife, we was struggling over the knife. Like I say, she was mad. And I didn't want her to hurt me and I didn't want to hurt her, but it happened that way." Transcript of Proceedings at 214 — 215. Clearly, as there was no evidence of provocation, the trial court's jury instruction was not plain error since an instruction on aggravated assault, was not supported by the evidence and wold have, therefore, been improper in this case. See Deem, supra. Appellant also alleges that the trial court committed plain error by admitting "other acts" testimony. The admission of other criminal acts evidence is governed by Evid.R. 404(B) which provides as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Appellant specifically argues that the trial court erred in permitting testimony that Clementine had suffered a gunshot wound during a prior scuffle with appellant, that appellant had used illegal narcotics in the past, and that appellant had a prior conviction as a minor for robbery. Moreover, appellant also contends that the trial court should not have permitted Officer Frank Parella to testify as to what Clementine told him about appellant's alleged stalking of her after the stabbing since such testimony was hearsay. Trial counsel did not object at trial as to the admission of such evidence or testimony. In the case sub judice, we cannot say that, but for the alleged errors, the result of appellant's trial would have been different. See Robertson, supra. At the trial in this matter, Clementine Jennings, Tina Jennings and Tiffany Jennings all testified that appellant, without provocation, serious or otherwise, stabbed Clementine after an argument over money. In addition, the tape of Tina Jennings' 9-1-1 call was played to the jury. Elaine Mason, Clementine's neighbor, also testified that Tina and Tiffany both told her that appellant had "cut" their mother over $20.00. Transcript of Proceedings at 24. Moreover, not only did the jury see photographs of Clementine's injuries, but Dr. Carlos Nani who treated Clementine on May 23, 1999, described her injuries as slash type of wounds. In short, there was overwhelming evidence of appellant's guilt. Moreover, while appellant challenges the admission of Officer Parella's testimony as to appellant's alleged stalking of Clementine after the stabbing, Clementine herself had testified earlier during the trial that, after appellant got out of jail, she saw him approximately a block from her house at a pay phone. Furthermore, even if we assume, arguendo, that the admission of such testimony was improper, there is no evidence that, but for such error, the outcome of the trial would have been different. Since the trial court's alleged errors did not constitute plain error, appellant's second assignment of error is overruled.
 I
Appellant, in his first assignment of error, asserts that he was denied the effective assistance of trial counsel. According to appellant, his trial counsel was ineffective by failing to object to the jury instruction discussed above with respect to appellant's second assignment of error, by eliciting testimony on and failing to object to other acts evidence and by failing to object to inadmissible hearsay testimony, specifically the testimony of Officer Parella as to appellant's alleged stalking of Clementine Jennings. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case. As is discussed, supra, we agree that the trial court erred in advising the jury that if they found appellant guilty of felonious assault, they need not consider the charge of aggravated assault. However, we do not find that trial counsel's failure to object to the instruction constitutes ineffective assistance of counsel since there is not a reasonable probability that, but for such error, the result of appellant's trial would have been different. Even if trial counsel had objected to the incorrect instruction and a correct instruction been given, appellant still would have been convicted of felonious assault rather than aggravated assault since there was, as is discussed above, no evidence whatsoever of provocation to support a conviction for aggravated assault. Rather, based on the testimony of Clementine Jennings, Tina Jennings and Tiffany Jennings, the jury found that appellant, without provocation, repeatedly stabbed Clementine, causing serious injury to her. Appellant also claims that his trial court was ineffective for permitting appellee to elicit testimony that Clementine suffered a gunshot wound during a prior scuffle with appellant, that appellant used illegal drugs in the past, and that appellant had a prior conviction as a minor for robbery in 1977. However, we do not find that trial counsel's alleged errors constitute ineffective assistance of counsel but rather find that counsel's alleged errors constitute trial tactics and, as such, cannot be regarded as ineffective assistance of counsel. See State v. Coleman (1989), 45 Ohio St.3d 298, 308. While appellant previously shot Clementine in the leg during a "ruckus" over a gun, a subsequent police investigation of the incident determined that the shooting was accidental. Transcript of Proceedings at 232. No charges, therefore, were ever filed against appellant. In the case sub judice, appellant argued that Clementine's stabbing was accidental. Clearly, appellant's trial counsel used the prior accidental shooting incident in an attempt to bolster's appellant's credibility with the jury. Trial counsel apparently hoped that, based on the police finding that the shooting was accidental, the jury would believe appellant's testimony that the stabbing was accidental too. Trial counsel also attempted to bolster appellant's credibility by allowing in testimony as to appellant's prior drug use and his 1977 robbery conviction. During closing arguments, trial counsel stated as follows: ". . . he told you about his robbery conviction at age 15 and he didn't have to tell you about that . . . But I wanted him to tell you about himself and what he's been through and where he's been. We didn't have to tell you about that, but we did." Transcript of Proceedings at 249.
Defense counsel later stated that "He told about his drugs. He didn't lie about it. He has done drugs." Transcript of Proceedings at 253. Based on the foregoing, defense counsel clearly allowed appellant to testify regarding his prior conviction and his drug use in hopes that the jury would find him a credible witness. Moreover, evidence of appellant's drug use previously had been admitted via the 9-1-1 tape played at trial. During the 9-1-1 call, Tina Jennings told the dispatcher that appellant was on drugs and that "he stick that stuff up his nose." Transcript of Proceedings at 19. In addition, during trial, the trial court cautioned the jury that "you're not to convict him in this case because he's done bad things before. . . . It comes in only as relevant to his credibility or believability as a person testifying on the stand. It's not evidence of his character and you may not use it in that way." Transcript of proceedings at 222. Appellant also challenges Officer Parella's testimony that Clementine told him that appellant was stalking her since such testimony was hearsay. However, as is stated above, Clementine Jennings herself testified that, after appellant got out of jail, she saw him at a pay phone a block from her house. Appellant, therefore, was not prejudiced by the admission of Officer Parella's testimony. Finally, there is not a reasonable probability that but for counsel's alleged unprofessional errors, the result of appellant's trial would have been different. There was overwhelming evidence that appellant stabbed Clementine Jennings. Clementine Jennings, Tina Jennings and Tiffany Jennings all testified that appellant stabbed Clementine while straddling her on the floor. In addition, a tape of the 9-1-1 call was played to the jury during which Tina Jennings stated that "My dad stabbed my mom." Transcript of Proceedings at 18. Medical testimony also was introduced at trial as to the severity of Clementine's injuries. Since appellant was not denied the effective assistance of trial counsel, appellant's first assignment of error is overruled.
 III
Appellant, in his final assignment of error, submits that the felonious assault guilty verdict was against the manifest weight of the evidence since "[t]here was sufficient evidence of provocation for a verdict of guilty of aggravated assault." On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction". State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. R.C.2903.12 defines the offense of aggravated assault. Such section provides as follows: "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
There was, however, no evidence of provocation, serious or otherwise, presented at trial. Clementine Jennings, Tina Jennings and Tiffany Jennings all testified that appellant, without provocation, began stabbing Clementine with a knife. Most importantly, appellant himself did not testify that he was provoked in any manner to stab Clementine, but rather testified that the stabbing was accidental. The jury, which had the opportunity to observe the witnesses demeanor, and weigh their credibility, clearly found Clementine, Tina Jennings and Tiffany Jennings to be credible witnesses and did not believe appellant's account of the events of May 23, 1997. Based on such testimony, the jury found appellant guilty of felonious assault. We do not find that the jury lost its way and created a manifest miscarriage of justice. Appellant's third assignment of error is overruled.
The Judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J. Wise, P.J. and Farmer, J. concur
OMVI — Health Department regulations.