Defendant-appellant, Billy Blair, appeals from the jury trial verdict finding him guilty of felonious assault. Blair was sentenced by the Cuyahoga County Court of Common Pleas trial judge to five (5) years incarceration. For the following reasons, we affirm.
This case centers around a fight that occurred between Blair and his neighbor, Edward VanGezelle. The facts surrounding the incident are, for the most part, uncontroverted. On August 20, 1998, Blair and VanGezelle were drinking together on Blair's front porch. At some point, a verbal confrontation ensued which led to fisticuffs in the front yard.
The only individuals to eyewitness the encounter were two next door neighbor boys aged 14 and 16 years old. Both boys testified for the plaintiff-appellee, State of Ohio. The boys uniformly testified that the altercation in Blair's front yard ended with Blair running into his home and immediately returning with a baseball bat. Blair then requested that VanGezelle leave the premises. VanGezelle began walking away and stated, I'm leaving, leave me alone. At this point, Blair began beating VanGezelle with the baseball bat knocking him to the ground and continuing to beat him as he lay on the ground trying to block the blows with his hands.
Significant to this appeal, both witnesses testified that VanGezelle never wielded a knife at any time during the altercation nor did he make any type of aggressive moves towards Blair when confronted with the baseball bat. Upon his arrest that evening, Blair claimed that VanGezelle came at him with a knife. He could not describe the weapon nor could the police locate a knife after a thorough search of the grounds.
VanGezelle's injuries from the beating were quite severe. He lost all of his front teeth and was hospitalized in the trauma unit for injuries that required surgery and extensive rehabilitation.
Appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION BY FAILING TO GIVE THE JURY AN INSTRUCTION ON AGGRAVATED ASSAULT WHEN THE FACTS INDICATED SUFFICIENT EVIDENCE OF SERIOUS PROVOCATION TO CONVICT APPELLANT OF THE INFERIOR DEGREE OFFENSE OF AGGRAVATED ASSAULT.
Initially, we note that defense counsel failed to object to any perceived error in the trial court's jury charge. It is well established that absent plain error, an appellate court will not consider errors to which the defendant failed to object at the trial level. State v. Williams (1977), 51 Ohio St.2d 112.
Generally, it is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Correct and pertinent requests to charge the jury must be given by the trial judge either as specifically proposed or within the substance of a general charge. State v. Perryman (1976), 49 Ohio St.2d 14.
A defective jury instruction does not rise to the level of plain error unless it can be shown the outcome of the trial would clearly have been different but for the alleged error. State v. Campbell(1994), 69 Ohio St.3d 38; Cleveland v. Buckley (1990),67 Ohio App.3d 799. In addition, the plain error rule is to be applied with the utmost caution and invoked only under exceptional circumstances in order to prevent a manifest miscarriage of justice. State v. Copperrider (1983), 4 Ohio St.3d 226. Moreover, a single challenged jury instruction may not be reviewed piecemeal or in isolation, but must be reviewed within the context of the entire charge. See State v. Hardy (1971), 28 Ohio St.2d 89.
Appellant claims that the jury should have been given an instruction on the offense of aggravated assault which is an inferior degree offense of felonious assault. State v. Deem (1988), 40 Ohio St.3d 205. The elements of felonious assault are set forth in R.C. 2903.11 which provides:
(A) No person shall knowingly;
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Aggravated assault is covered under R.C. 2903.12. The elements are the exact same except for the mitigating elements defined in part (A). R.C. 2903.12 provides:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Undoubtedly, aggravated assault is an inferior degree of the offense of felonious assault because the elements of the offense are identical except for the mitigating elements section in paragraph (A). Deem, supra, at 208-209. Therefore, in a trial for felonious assault, the jury instruction for aggravated assault must be given when the defendant presents sufficient mitigating evidence of serious provocation. Id. at 211. Provocation is not an essential element of the crime, but rather a circumstance which, if established, can mitigate a defendant's culpability. Aggravated assault is unquestionably a lesser offense, not an included offense of felonious assault, which means it carries a lesser sentence if convicted.
According to the meticulous analysis enunciated in Deem, the Ohio Supreme Court held that aggravated assault is not a lesser included offense of felonious assault. Id. at 210. The Court's reasoning was based on the three prong test established in State v. Kidder (1987), 32 Ohio St.3d 279. The Deem court found that felonious assault, as statutorily defined, can be committed without also committing the offense of aggravated assault due to the provocation element. Unable to meet the Kidder test as a lesser included offense, it was not reversible error for failing to give the aggravated assault instruction as a lesser included offense as mandated in Kidder. Id. at 281.
However, aggravated assault, as statutorily defined, is an inferior degree of felonious assault and this court must determine whether sufficient evidence of serious provocation was presented at trial which would require the trial court to instruct the jury on the aggravated assault as well as felonious assault. A finding of guilty of felonious assault should not end deliberations if there is evidence in the case tending to show the existence of provocation. State v. Carter (1985), 23 Ohio App.3d 27.
Accordingly, there must be a factual basis to give a jury instruction of aggravated assault. A thorough review of the record indicates that the evidence of provocation was insufficient, as a matter of law, to support a conviction of aggravated assault.
In the case at bar, Blair would have had to present evidence that he attacked VanGezelle with the baseball bat only after serious provocation by the victim. Once again, the Deem court gives us guidance as to what constitutes serious provocation:
 Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surround him at the time. Citing to State v. Mabry (1982), 5 Ohio App.3d 13.
The facts of this case are quite to the contrary. Blair left the altercation in his front yard and went into his home to retrieve a baseball bat. The victim was walking away from Blair and asking to be left alone when Blair attacked him with the bat. Further, the victim was unarmed and made no aggressive moves towards Blair.
The appellant fails to cite to any facts in the record showing how he may have been seriously provoked. The fact that the two men may have come to fisticuffs two weeks prior is irrelevant. The altercation on the night in question does not give rise to serious provocation given the time Blair had to reflect while going into his house to find the bat and because the victim was totally passive at this point. Neither of these minor incidents was reasonably sufficient, as a matter of law, to incite or arouse appellant into repeatedly beating VanGezelle with a baseball bat. Accordingly, the evidence of provocation was insufficient to support a conviction of aggravated assault and, therefore, not a required jury instruction.
The appellant also claims that the trial court should have instructed on aggravated assault since there was an instruction on self-defense. Legally, there is no requirement that one cannot be given without the other. Factually, there is no basis for either instruction. To establish self-defense one must show he was not at fault in creating the situation, he was in imminent danger of death or great bodily harm, and he could not retreat or avoid the danger. State v. Robbins (1979), 58 Ohio St.2d 74.
Here, Blair obviously had the opportunity to retreat since he left the initial altercation and came back moments later with a weapon. Additionally, Blair was totally at fault in the second encounter. The fact that the trial court generously erred in the appellant's favor by instructing the jury on an unwarranted claim of self-defense does not mean it was required to instruct on an inferior degree of the indicted offense. Two wrongs do not make a right.
Even if this court would assume arguendo that there was some evidence of sufficient provocation, the error of not instructing on aggravated assault would not constitute plain error as required by Cooperrider. The rationale is based on the fact that there was overwhelming evidence that Blair attacked his victim as he tried to retreat. Accordingly, this court would be unable to conclude that, but for the erroneous instruction, the outcome would clearly have been otherwise. Cooperrider, supra, at 227. In other words, the facts of the case conform to the jury's verdict. The first assignment of error is overruled.
Appellant's second assignment of error states:
 II. BILLY BLAIR WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS COUNSEL FAILED TO REQUEST JURY INSTRUCTIONS OR OBJECT TO THE JURY INSTRUCTIONS AS GIVEN BY THE COURT.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed.
 First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910.
This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668.
Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison,449 U.S. 361, 364-365 (1981). Strickland, supra, at 691. To warrant reversal, [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice.
Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Bradley, supra, at 141, 142.
In the case at bar, appellant contends that he was deprived of his constitutional right to the effective assistance of counsel due to his counsel's failure to object to the jury instructions as given or make a request for the proper jury instructions. This argument is obviously contingent on our findings in the first assignment of error. It would be illogical to find that someone was denied the effective assistance of counsel for failing to request or object to a jury instruction we already held was not required to be given by law.
This argument is appellant's attempt to get a second bite at the apple. The basis of this claim still centers around whether an aggravated assault instruction was proper for jury review. Once again, we note that some evidence of provocation must be presented at trial to necessitate a jury instruction on aggravated assault. This case is void of any mitigating circumstances that may have allowed a jury to adduce that Blair was provoked. Accordingly, we cannot find that Blair received ineffective assistance of counsel when his attorney failed to object or request a jury instruction not supported by the evidence.
All assignments of error having been considered and ruled upon, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and PORTER, J., CONCUR.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE