OPINION
This is an appeal from the Stark County Court of Common Pleas, Juvenile Division, from a Magistrate's verdict finding appellant delinquent by reason of felonious assault. Such determination was approved by the trial court.
The Three Assignments of Error are:
 I. THE JURY VERDICT FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. THE APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRAIL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 III. THE COURT ERRED IN FAILING TO PROTECT THE JUVENILES FIFTH AMENDMENT RIGHT TO BE FREE FROM SELF INCRIMINATION.
 STATEMENT OF FACTS
The incident which resulted in the charge dealt with a confrontation between appellant and the complainant, Kosta Pamboukis (K.P.). Each was in a building trades class and were installing a deck at a residence.
On the day preceding the events in question, and also on earlier occasions, an argument over stereo equipment took place between appellant and complainant.
The next day words were exchanged and complainant spat down toward appellant from his higher working location. (T. at 25).
Again, words were exchanged and K.P. jumped down from the deck floor and came toward appellant.
Appellant struck K.P. with the hammer he was holding. (T at 26). Evidence varies as to whether it was with the wooden or metal part of the hammer. Thereafter, appellant and K.P. continued a fist fight until such was broken up.
All students were returned to Jackson High School.
Appellant was interviewed by Jackson Police Officer, Thomas Calhoun, who mirandized appellant.
Appellant was then asked if he wished to answer questions about the incident. He responded in the negative but questioning continued, according to Officer Calhoun.
At trial the State produced five eye-witnesses. K.P. and appellant also testified. Officer Calhoun also testified, as did the examining physician.
An earlier appeal to this court was filed in Case No. 2000CA00207 but such was determined to have incorrectly been based on an earlier trial court ruling to which the Assignments of Error were inapplicable. A delayed appeal of the August 22, 2000 Entry denying a new trial and approving the Magistrate's decision was granted by this court.
 I.
The First Assignment of Error maintains that the decision of the trial court in approving the Magistrate's decision is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine" whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
We shall discuss the required elements of felonious assault subsequently under the Second Assignment of Error. However, suffice it to say that the State produced five eye-witnesses to the event in addition to appellant, K.P., Dr. O'Toole, and Officer Calhoun.
Based upon the facts noted supra, and the entire record, we do not find the decision was against the manifest weight of the evidence. The Magistrate, as approved by the Judge, was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was competent, credible, relevant evidence upon which the court could base its finding.
The claimed due process clause violation in connection with the First Assignment of Error is not addressed by appellant separately from the manifest weight of the evidence and does not have to be examined further by this court as the ruling as to the weight of the evidence resolves the constitutional issue.
This First Assignment of Error is not well taken and is overruled.
 II.
The Second Assignment of Error addresses ineffective assistance of counsel.
A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
The deficient representation claims generally fall within what we can assume are questioned trial tactics, assumptions and legal arguments.
Appellant assumes that cross-examination took place as to the credibility of the State's witnesses merely because they were called by the State. These were eye witnesses. From the record, counsel appears to have attempted to develop not only factual differences but also that K.P. was the aggressor requiring self defense. These are trial tactics.
Appellant then makes assumptions as to trial counsel being reluctant to calling witnesses because of possibly angering the Magistrate. This court cannot deal in unsupported assumptions.
In examining the lack of a motion to suppress, we agree that Officer Calhoun should not have proceeded further with questioning the appellant after mirandizing him when the appellant indicated he did not wish to speak further.
Officer Calhoun states that while appellant was not technically in custody, he would assume that appellant was not in the Principal's office of his own free will. (T. at 187).
The vocational supervisor was also present for the majority of the interview. (T. at 186).
While the Officer testified that he mirandized appellant as a safeguard, he destroyed the purpose of providing such rights by violating them.
These admissions indicate a custodial interrogation by the Officer.
In Miranda v. Arizona, 384 U.S. 436, 478, 886 S.Ct. 1602, the court held:
 "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way, and is subject to questioning, the privilege of self incrimination is jeopardized. Procedural safeguards must be employed to protect the privilege."
All circumstances surrounding an operative during the taking of a statement are material and must be examined in their totality. State v.Booher (1986), 54 Ohio App.3d 1.
However, appellant denies that he gave a statement to such Officer. Also, in taking the witness stand appellant presented his version with very little difference from that of the Officer's testimony. Furthermore, there was sufficient testimony in addition to the Officer's to support the finding. The admission of statements by appellant after being advised of his rights and the lack of a motion to suppress did not affect the outcome of the trial.
In State v. Williams (1983), 6 Ohio St.3d 281, syllabus paragraph six, the Ohio Supreme Court held that "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt."
Another legal argument presented involves the lack of a request for the consideration of aggravated assault as a lesser included offense.
The distinctions of such charges were addressed by this court in Statev. Elder (Sept. 24, 2001), Stark App. No. 2001CA0022, unreported:
. . . First we must determine whether either assault or aggravated assault are lesser included offenses of felonious assault. The Ohio Supreme Court has devised a three-prong test for us to apply to determine when an offense is a lesser included offense of another: First, the offense must carry a lesser penalty than the other; second, the greater offense cannot, as statutorily defined, ever be committed without the lesser included offense, as statutorily defined, also being committed; and third, some element of the greater offense is not required to prove the commission of the lesser offense, State v. Deem (1988), 40 Ohio St.3d 205. Deem was a felonious assault case, and the Supreme Court held when a defendant presents sufficient evidence there is serious provocation, such that the jury could both reasonably acquit the defendant of felonious assault, and yet convict the defendant of aggravated assault, the trial court must give an instruction on aggravated assault as a lesser included offense of felonious assault.
 Felonious assault is knowingly causing serious physical harm to another, see R.C. 2903.11. Pursuant to R.C. 2903.12, aggravated assault includes the additional element that the defendant be under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim, and which is reasonably sufficient to incite the person to use deadly force.
Also, this court in State v. Jennings (Nov. 9, 1999), Richland App. No. 98-CA-114, unreported, reviewed the same issue:
. . . "Aggravated assault (R.C. 2903.12) is not a lesser included offense of felonious assault (R.C. 2903.11) but is the same offense as felonious assault with a reduction in penalty upon a determination by the trier of fact of the existence of the mitigating circumstance of sudden passion or sudden fit of rage, which mitigates a defendant's criminal culpability." State v. Carter (1985), 23 Ohio App.3d 27, paragraph one of the syllabus.
The testimony of all fact witnesses lends credibility to the concept that K.P. provoked an incident with appellant which directly evolved from the prior arguments and confrontations over the workability of the sold stereo equipment.
K.P. began by spitting down on appellant. (T. at 68, 141-142).
Next the trial court had a statement by him, according to witness Jamie Gill:
 "Why doesn't that pussy come up here or something." (T. at 69-70).
To which appellant responded:
 "Why don't you come down here and ah . . . or why don't you come down here and say that to my face or do something about it." (T. at 22).
With that, K.P. jumped from the deck and rapidly approached appellant. (T. at 71, 89, 104, 122, 143).
The testimony differs somewhat at this point as to K.P.'s fists being clenched or not but does not differ as to appellant striking K.P. with the hammer, with either the wooden or metal portion.
While appellant testified that he had no avenues of escape (T. at 295), witness Troxell states otherwise. (T. at 164-165).
Nowhere in appellant's testimony, or that of other witnesses, is there any indication of sudden passion or rage. In fact, appellant characterizes the use of the hammer as accidental. (T. at 287).
The fact that appellant continued the fight with his fists (as did K.P.) is contrary to the statement on page 12 of appellant's brief that the use of the hammer was what any reasonable person would have done under the circumstances.
The additional legal arguments deal with self defense.
In State v. Williford (1990), 49 Ohio St.3d 247, the Ohio Supreme Court outlined the elements a defendant must prove in establishing the affirmative defense of self-defense. First, the defendant must show he was not at fault in creating the violent situation; secondly, the defendant had a bona fide belief he was in imminent danger of death or great bodily harm, such that his only means of escape was to use force; and third, that the defendant did not violate any duties to retreat or avoid the danger. State v. Hunter (Aug. 3, 2001), Licking App. No. 00CR273, unreported.
We must conclude that while K.P. did contribute to or cause the confrontation, the use of deadly force was not required and evidence of means to escape was present.
We do not find that the failure to request consideration of aggravated assault as a lesser included offense was an indication of incompetency of counsel's conduct affecting the outcome for two reasons, to wit: First, aggravated assault was not a lesser included offense here and two, this was not a jury trial and the Magistrate and Judge were free to review such offenses without a request.
The Second Assignment of Error is overruled.
 III.
We have heretofore addressed the continued questioning by Officer Calhoun, which is the subject of the Third Assignment of Error and, while such did violate the rights of appellant, it was harmless error as sufficient testimony was present notwithstanding.
We therefore overrule the Third Assignment of Error.
While affirming the Judgment reached, we are cognizant of the fact that K.P. initiated these events and that human nature, particularly in a young man of this age, does not really conform to the requirements that the opportunity to escape must be utilized rather than fighting, but the law is otherwise and the use of the hammer was unnecessary deadly force.
The decision of the trial court is affirmed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is Affirmed. Costs to Appellants.
Hon. Julie A. Edwards, P.J. Hon. John F. Boggins, J. concur, Hon. William B. Hoffman, J. concurs separately.